J. C. PIRKLE MACHINERY COMPANY INC. *v.* WALTERS.

No. 16527.   APRIL 11, 1949.

**168**

*J. C. Bowden,* for plaintiff.

*O. J. Coogler Jr.* and *Newell Jones,* for defendant.

WYATT, Justice.   The first question presented to this court is whether or not the restrictive covenant is a reasonable limitation as to territory.

Whether the restraints imposed by an employment contract are reasonable is a question of law for determination by the court. *Rakestraw* v. *Lanier,* 104 *Ga.* 188, 194 (30 S. E. 735).   The restrictions imposed upon the promisor must not be larger than are necessary for the protection of the promisee.   *Rakestraw* v. *Lanier,* supra.   Greater latitude is allowed in those covenants relating to the sale of a business, or dissolution of a partnership, than in those covenants ancillary to an employment contract. 17 C. J. S., § 254, p. 636; *Rakestraw* v. *Lanier,* supra; *Hood* v. *Legg,* 160 *Ga.* 620 (128 S. E. 891).

With these well-settled rules of law in mind, did the petition in this case set forth a cause of action?   It will be noted that the petition alleges that the office and place of business of the plaintiff is located in Fulton County, Georgia, "from which office he does business in Georgia, North Carolina, South Carolina, Alabama, Tennessee, and Mississippi."   No attempt is made to describe the business of the plaintiff in these various States, or whether the plaintiff's business covers all or only a portion of any of the named States.   We think that in this case, where an effort is made to prevent the defendant from following his occupation in six States, based upon the bare allegation that the plaintiff does business in those States, the language used by this court in *Rakestraw* v. *Lanier,* supra, is applicable:   Such a contract is

"unreasonable, not necessary for the protection of the party in whose favor the restraint was imposed, oppressive to the party restrained, and opposed to the interest of the public." In *Orkin Exterminating Co.* v. *Dewberry*, 204 *Ga.* 794 (51 S. E. 2d, 669), the authorities in this State and in other jurisdictions on this question are cited and discussed. We do not deem it necessary to do so again in this case.

It follows from what has been said above that there was no error in sustaining the general demurrer and dismissing the petition.

In view of these rulings, it becomes unnecessary to pass upon the other questions raised in this case.

*Judgment affirmed. All the Justices concur.*