## 24092. SILVERBERG et al. v. PHOTO-MARKER CORPORATION OF ATLANTA.

ARGUED MAY 9, 1967—DECIDED MAY 18, 1967.

*Haas, Dunaway, Shelfer & Haas, Scott A. Ray,* for appellants.
*Siegel & Appel, Samuel Appel, Larry D. Lewis, Syna, Lewis & Appel, Sherwyn E. Syna,* for appellee.

MOBLEY, Justice. Photo-Marker Corp. of Atlanta sought to enjoin Marvin Silverberg and his present employer, Marker Duplicates, Inc., from violating the terms of an employment contract entered into between Silverberg and Photo-Marker Corp., a New York Corporation, in which Silverberg covenanted that for a period of 18 months following the termination of his employment "at no time . . . will he directly or indirectly for himself or as agent of, on behalf of, or in conjunction with any person, partnership, association or corporation disclose or furnish the names and addresses of any of the customers of the employer or any other confidential information received from the employer nor will he directly or indirectly during said period for himself or as the agent of or in conjunction with any person, partnership, association or corporation solicit or attempt to solicit customers, business or patronage from any persons with whom he may have dealt while in the employ of the employer." It was alleged that Silverberg voluntarily terminated his employment with the petitioner and has entered the employ of Marker Duplicates, Inc.; that since entering such employment Silverberg, knowingly and in contravention of the employment agreement, has personally and through the mail, solicited customers, business and patronage from persons with whom he had previously dealt while employed with the petitioner, and has sent announcements of his present employment to customers of

the petitioner. It was alleged in regard to the corporate defendant that it had knowledge of the employment contract and "has caused, aided and abetted defendant Silverberg to breach his employment agreement, relative to the restrictive covenant." The trial judge overruled the general demurrers of both defendants, and the appeal is from this order.

It is contended by the appellants that the contract is illegal and void because the restrictive covenants of the contract are too broad, are geographically undefined, and are unreasonable. The employment contract does not describe the business of the employer in any way except that it states that the employee in the course of his employment will gain knowledge of confidential information including lists of customers "to whom the employer sells various products including sensitized paper. . ." The contract provides that the employee will not "solicit or attempt to solicit customers, business or patronage from any persons with whom he may have dealt while in the employ of the employer." This language does not limit the prohibition against the solicitation of business to the soliciting of customers of the employer, but extends the prohibition as to "any persons" with whom the employee may have dealt while in the employ of the employer. The contract does not describe the business of the employer, and it does not indicate in any way that the prohibited solicitation of customers, business, or patronage will apply only when the employee is engaged in a business competitive with the employer. The employee is restricted from soliciting business of any kind or character from any person with whom he dealt while employed by the employer.

In *Kirshbaum v. Jones*, 206 Ga. 192 (56 SE2d 484), this court held that an agreement by an employee that he would not "solicit or attempt to solicit the business or patronage of any of the customers of the employer heretofore served by the employee during his term of employment," for a period of one year following the termination of his employment, was a reasonable limitation. However, this language specifically confined the restriction to customers of the employer. An examination of the record in that case shows that the employment contract described in detail the business of the employer, and the covenant

not to solicit customers of the employer fully described the nature of the business of the employer which the employee transacted with its customers. The *Kirshbaum* case is, therefore, not in point on its facts with the present case.

The restrictions in the contract under consideration in the present case are uncertain, indefinite, unreasonable, and impose upon the employee greater limitations than are necessary for the protection of the employer. See *Orkin Exterminating Co. v. Dewberry*, 204 Ga. 794, 803 (51 SE2d 669); *Friedman v. Friedman*, 209 Ga. 653 (74 SE2d 860); *Artistic Ornamental Iron Co. v. Wilkes*, 213 Ga. 654 (100 SE2d 731); *Mason, Au & Magenheimer Confectionery Mfg. Co. v. Jablin*, 220 Ga. 344 (138 SE2d 660). It was error to overrule the general demurrers to the petition seeking to enforce the contract.

Since the contract is unenforceable, it is unnecessary to decide questions made by the appellants as to the right of the appellee, as an affiliated subsidiary of the contracting corporation, to enforce the contract, or the questions made by the corporate appellant as to the sufficiency of the allegations of the petition to authorize an injunction against it.

*Judgment reversed. All the Justices concur.*