25649. CAREER GIRL TEMPORARY SERVICE et al.
v. BRIDGEWATER.

NICHOLS, Justice. Judith Kay Bridgewater entered into an employment contract with the plaintiff, an employment agency, in which it was agreed that Judith Kay Bridgewater would

not, in the event the contract was terminated "for a period of two (2) years from the date of termination of employment, in her own behalf or in the behalf of others, work or engage in any capacity in which she has agreed to perform in this contract or has performed under this contract within a 30-mile radius within the boundary of any city in which [plaintiff] has employed [Bridgewater] within twelve (12) months prior to termination of this agreement." Upon terminating her employment with the plaintiff, Judith Kay Bridgewater became employed by another employment agency, and approximately two months later the present action was filed to enjoin the continual employment which was alleged to be in violation of the agreement quoted in part above. Upon an interlocutory hearing the trial court denied a temporary injunction and the appeal is from such judgment adverse to the plaintiff.

The employment contract required the defendant to perform the following duties: "Solicitation of applicants and employers, the placing of applicants with employers for a fee. The interviewing, testing and clerical duties associated with counseling and performing the miscellaneous duties which will be assigned. And shall perform such other duties as are customarily performed by persons holding similar positions in same or similar businesses or enterprises as are engaged in by the First Party. Second Party may by mutual agreement of the parties hereto perform other duties or additional duties that may be agreed upon between First Party and Second Party, and upon the undertaking of such additional duties by said Second Party, the contract shall be considered amended to include such duties, with all other provisions of this contract remaining in full force and effect."

"The question of unreasonableness of a contract is one for the court to decide. *Burdine v. Brooks,* 206 Ga. 12 (55 SE2d 605). In *Artistic Ornamental Iron Co. v. Wilkes,* 213 Ga. 654 (100 SE2d 731), the employee agreed that for a period of three years after the termination of the contract of employment he would not enter into the ornamental iron business or in any business competitive with that of the employer in the State of Georgia. It was there held that the contract was too indefinite as well as oppressive upon the defendant to be valid. In *Friedman v. Friedman,* 209 Ga. 653 (74 SE2d 860), the employee agreed that for a period of 12 months

after the termination of his employment 'he will not engage in or be employed directly or indirectly by any person, persons, partnership or company who shall be engaged in any kind or character of business identical or similar with any business operated' by the employer. The restrictions applied to Fulton and DeKalb Counties. This contract was held to be void because indefinite in the description of the prohibited business and for this reason unreasonable. In *WAKE Broadcasters v. Crawford*, 215 Ga. 862 (114 SE2d 26), the employee agreed that for a period of 18 months following the termination of his employment he would not 'directly or indirectly accept employment from, or appear on, or become financially interested in any radio or television station whose station, offices, or antenna is located within a radius of fifty (50) miles of the City of Atlanta, Fulton County, Georgia, or within a fifty (50) mile radius of any city in which the Bartell Group now or shall during the term of this agreement, own or operate a radio broadcasting station or television broadcasting station and that within said period of time and within said territory the employee will not in any way, directly or indirectly, for himself or on behalf of or in conjunction with any other person, persons, partnership or corporation engage in any business competitive, directly or indirectly, to the business of the employer. . .' It was there held that the contract was unreasonable and unenforceable." *Dixie Bearings, Inc. v. Walker*, 219 Ga. 353, 356 (133 SE2d 338).

Where a contract is uncertain, indefinite, unreasonable, and imposes upon the employee greater limitations than are necessary to protect the employer, the contract will not be enforced so as to prohibit the employee from seeking gainful employment purportedly in violation of the restrictive agreement in the contract. See *Silverberg v. Photo-Marker Corp.*, 223 Ga. 383, 385 (155 SE2d 385).

The contract in the present case is uncertain and indefinite in that the duties of the employee are not spelled out and it is unnecessarily restrictive in that it would prohibit the employee from working in any office doing any clerical work, which prohibition would not be necessary to adequately protect the employer.

Accordingly, the trial court did not err in denying the temporary injunction, for this reason, and the remaining enumerations of error need not be considered.

*Judgment affirmed. All the Justices concur.*

ARGUED FEBRUARY 9, 1970—DECIDED FEBRUARY 19, 1970.

*Wall & Campbell, John H. Hawkins,* for appellants.
*Schwall & Hewett, Thomas C. Jones, Jr.,* for appellee.