45482. WATKINS v. AVNET, INC. et al.

JORDAN, Presiding Judge. Watkins sought a declaration in the lower court, among other things, that the restrictive covenants of an employment contract with one of the defendants, Fairmount Motor Products, a corporate division of the other defendant, Avnet, were unenforceable. The trial judge denied the plaintiff's motion for judgment on the pleadings and certified his order for direct appeal.

The pleadings disclose that Watkins was the president and major-

ity stockholder in Southeastern Motor Products Company which Avnet acquired as a going concern under an agreement with the corporation and its stockholders dated August 1, 1967, providing for payment with preferred stock of Avnet and the dissolution of Southeastern. On the same day Watkins, by a separate agreement with Fairmount which refers to the acquisition of Southeastern, became the Branch Manager of the Southeastern Division of Fairmount. The term of employment, as stated therein, was five years, commencing August 1, 1967, and terminating July 30, 1972. His territory as branch manager was defined as "including but not limited to the States of Georgia, Florida, Alabama, North Carolina, South Carolina and Tennessee (the aforementioned six states are hereinafter referred to as the 'Territory')." His duties were "such services as employer may from time to time direct."

Under the restrictive covenants Watkins agreed during the term of employment and three years thereafter that he would "not engage, directly, or indirectly, either as principal, agent, proprietor, director, officer or employee, or participate in the ownership, management, operation or control of any business which manufactures or distributes or intends to manufacture or distribute products in the territory competitive with: (i) any products presently manufactured or distributed by the Division, or (ii) any products manufactured or distributed by the Division during the term of employee's employment." He further agreed not to disclose any confidential information or trade secrets of the employer. These covenants are followed by provisions whereby Watkins consented to injunction as the proper relief to enforce the restrictions.

Watkins resigned from his employment, and brought the present action after being unsuccessful in obtaining assurances that the restrictive covenants would not be regarded as applicable to his purchase of a business in the automotive parts field. *Held:*

1. A complaint for declaratory judgment is an appropriate means for one who has not violated the restrictive covenants of an employment contract to seek a determination of the validity of the covenants. See *Insurance Center v. Hamilton,* 218 Ga. 597, 600 (129 SE2d 801).

2. The public policy of this State in respect to contracts in restraint of trade is reflected in the constitutional provision declaring that agreements which may have the effect, or are intended to have the effect, of defeating or lessening competition, or of encouraging monopoly, are illegal and void. Art. IV, Sec. IV, Par. I, State Constitution (*Code Ann.* § 2-2701). This provision and *Code* § 20-504 merely declare existing common law prohibiting general restraints of trade, and partial restraints, as heretofore recognized, are not void. *Griffin v. Vandegriff,* 205 Ga. 288, 293 (53 SE2d 345).

3. Under numerous decisions of the Supreme Court a contract in partial restraint of trade is enforceable if it is reasonably limited as to time and territory and not otherwise unreasonable. What is reasonable in a restrictive covenant is a matter of law for the court to decide, allowing greater latitude for covenants relating to the sale of a business than for covenants ancillary to employment. *Dixie Bearings, Inc. v. Walker,* 219 Ga. 353, 355 (133 SE2d 338); *Insurance Center v. Hamilton,* supra, p. 601, and cases cited. For recent applications, see *Edwin K. Williams & Co.—East v. Padgett,* 226 Ga. 613, and *Career Girl Temporary Service v. Bridgewater,* 226 Ga. 166 (173 SE2d 214). The reasonable time limitation is not applicable to the sale of a business. *Brittain v. Reid,* 220 Ga. 794, 796 (141 SE2d 903); *Kutash v. Gluckman,* 193 Ga. 805, 808 (20 SE2d 128); *Rakestraw v. Lanier,* 104 Ga. 188 (30 SE 735, 69 ASR 154). Restrictions which place greater limitations than are necessary to protect the employer render the contract void and unenforceable. See *Taylor Freezer Sales Co. v. Sweden Freezer Eastern Corp.,* 224 Ga. 160, 162 (160 SE2d 356); *Career Girl Temporary Service v. Bridgewater,* supra; *Silverberg v. Photo-Marker Corp.,* 223 Ga. 383 (155 SE2d 385); *Dixie Bearings, Inc. v. Walker,* supra; *WAKE Broadcasters, Inc. v. Crawford,* 215 Ga. 862 (114 SE2d 26); *Thomas v. Coastal Industrial Services, Inc.,* 214 Ga. 832 (108 SE2d 328); *J. C. Pirkle Machinery Co. v. Walters,* 205 Ga. 167 (52 SE2d 853); *Orkin Exterminating Co. v. Dewberry,* 204 Ga. 794 (51 SE2d 669); *Rakestraw v. Lanier,* supra.

4. Although the contract here involved is clearly related to the sale of a business, and in this sense involves only one aspect of

a larger transaction, it is nonetheless a contract of employment, and must be construed under the rules applicable to the latter. The time limitation is both clear and reasonable, and, to reach what we consider the controlling issue, we assume that the definite territorial limitation of six states is also reasonable. But in this connection see *Orkin Exterminating Co. v. Dewberry,* supra, p. 804; *J. C. Pirkle Machinery Co. v. Walters,* supra.

This leaves for determination the sole issue of whether the restrictions in the contract are not otherwise unreasonable. The contract purports not only to restrict, within the time and area, any activity competitive with the employer in respect to products which were being manufactured or distributed by the employer (and these are not otherwise defined and could be ascertained only by resort to extrinsic evidence) but goes further and purports to restrict any competitive activity for the entire term of employment, i. e., five years, unconditioned by any relaxation in the event the employment is terminated sooner, in respect to any product manufactured or distributed by the employer during this period. Thus, at any time for a period of five years commencing on August 1, 1967, the contract purports to prohibit Watkins from associating himself in virtually any activity, (even though he is no longer employed by Fairmount) which is competitive with the manufacture or distribution of any product which Fairmount may decide to manufacture or distribute. In brief, under this provision, if within the restricted period Watkins should desire to associate himself in a business for the distribution of trivets, which Fairmount had never previously manufactured or distributed, Fairmount could prevent this activity by also engaging in the distribution of trivets.

This is altogether unreasonable and places the contract in the category of those which are not enforceable because the limitations are greater than necessary to protect the employer.

*Judgment reversed. Eberhardt and Pannell, JJ., concur.*

ARGUED JULY 8, 1970—DECIDED SEPTEMBER 9, 1970—

REHEARING DENIED SEPTEMBER 22, 1970—

*Davis, Matthews & Quigley, Baxter L. Davis, Ron L. Quigley,* for appellant.

*M. H. Blaskshear, Jr.,* for appellees.