## 28056. PURCELL v. JOYNER et al.

JORDAN, Justice. The appellant's complaint basically alleged that the appellee Joyner was hired under an employment contract whereby Joyner would not engage in the business of appraising vehicle damage in a certain described territory for a period of three years after termination of employment with the appellant Purcell; that the appellee Joyner breached said contract when he terminated his employment with Purcell and went to work for Gay & Taylor doing appraisal work within the territory prohibited by the employment contract. The complaint sought to enjoin Joyner for a period of three years and to recover damages from Gay & Taylor for the malicious inducement of Joyner to breach the contract. Both defendants filed answers, and Joyner filed a counterclaim for damages based on the harassment he had suffered. Upon the trial of the case and at the conclusion of the evidence the trial court granted the motion of each defendant for a directed verdict. No action or ruling was

taken on the defendant Joyner's counterclaim for damages. *Held:*

1. The appellee Joyner's motion to dismiss the appeal on the ground that his counterclaim is still pending in the trial court is denied. At the conclusion of the plaintiff's evidence the jury, at the direction of the court, returned its verdict against the plaintiff and judgment was entered in favor of the defendants (appellees). The appellee Joyner did not pursue his counterclaim by asking the trial court to proceed with the trial of the counterclaim or to defer the direction of the verdicts until Joyner could proceed with his evidence. The trial proceedings thus ended and the jury was discharged. The law favors an end to litigation and a final settlement of cases, and under the facts of this case we must conclude that the appellee Joyner abandoned his counterclaim and it is therefore no longer pending in the trial court.

2. The covenants involved in this appeal are contained in an employment agreement between the employer Purcell and the employee Joyner.

Joyner terminated his employment as an appraiser on the last of June 1971, and went to work for appellee Gay & Taylor, Inc., as an adjuster on the first of July, 1971.

The contract, signed February 2, 1970, provided that Joyner agreed to (1) not engage in physical damage appraisal for a period of three years directly or indirectly in 16 Georgia counties and one county in South Carolina, (2) not to accept any business or item of business in physical damage appraisal in the 16 Georgia counties and one county in South Carolina for a period of three years, from any client or agent of any client or forwarder of any client from whom employer has received or will receive any such business or item of business during the term of the employment.

Georgia law provides that contracts in restraint of trade or tending to lessen competition are against public policy and therefore, void. Code § 20-504; Georgia Constitution, Art. IV, Sec. IV, Par. I (Code Ann. § 2-2701).

Covenants against competition contained in employment contracts are considered in partial restraint of trade and are to be tolerated only if strictly limited in time and territorial effect and otherwise reasonable considering the business interest of the employer sought to be protected and the effect on the employee. *Orkin Exterminating Co. v. Dewberry,* 204 Ga. 794 (51 SE2d 669); *Rakestraw v. Lanier,* 104 Ga. 188 (30 SE 735, 69 ASR 154).

Notwithstanding the severability clause contained in the contract,

if the contract contains illegal and unenforceable clauses the covenant must fall because this court has refused to apply the "Blue-pencil theory of severability" in such circumstances. *Rita Personnel Services International v. Kot,* 229 Ga. 314 (191 SE2d 79).

If, upon examination, the restraints are found to be larger or more stringent than necessary for the protection of the employer they must be struck down. *Rakestraw v. Lanier,* supra.

The covenants in the contract here involved must be examined with these considerations in mind. The contract named no salary and no term of employment but prohibited Joyner from engaging in or accepting any property damage appraisal work in Bibb, Bulloch, Chatham, Clayton, Cobb, Coffee, DeKalb, Emanuel, Fulton, Glynn, Gwinnett, Houston, Peach, Richmond, Toombs, Ware Counties in Georgia and in Beaufort County, South Carolina. The specified areas include nearly all metropolitan areas within the State of Georgia. He was prohibited from directly or indirectly being involved in property damage appraisal or in such a business in any capacity including that of a mere employee for a period of three years after termination of his employment, however accomplished.

Appellant's testimony establishes that Joyner actually worked for appellant in the Georgia Counties of Chatham, Bibb, Bulloch, Glynn, Richmond and Ware, and that he may have worked in Coffee County and Emanuel County. There is no evidence that Joyner ever worked for appellant in the Georgia Counties of Peach, Clayton, Cobb, DeKalb, Fulton, Gwinnett, Houston, and Toombs, or in the South Carolina County of Beaufort. Plaintiff maintains offices in only three of the counties named in the contract and maintained an answering service in one more.

In *Rita Personnel Services v. Kot,* 229 Ga. 314, supra, this court found unreasonable and unenforceable a covenant in a franchise agreement that Kot would not compete with Rita in Fulton, Cobb and DeKalb Counties (Georgia) or in any territorial areas in which a franchise has been granted by Rita, and cited many prior decisions of this court in which like limitations were held unenforceable. Since the *Rita* case, in *Durham v. Stand-By Labor of Georgia,* 230 Ga. 558 (1) (198 SE2d 145), we held a covenant not to enter into any competitive activity "within a radius of 50 miles of any city in which Stand-By Services, Inc., or any affiliated company is operating at the time . . . employment is terminated," unreasonably broad and therefore void as in

restraint of trade.

Appellee Joyner was an experienced automobile shop repair foreman at the time of his employment by appellant.

When the limited territorial area of appellant's business and more specifically the limited territorial employment of appellee is measured against the expansive exclusion in terms of territory and the bulk of the population of this state the restrictions are unconscionable and cannot be upheld by this court. The need for competition and the right to employment far outweigh any need for protection that appellant has established. The trial court did not err in holding the territorial restraints unreasonable.

3. The amended complaint against Gay & Taylor, Inc., alleged tortious interference with Joyner's contract with appellant.

Joyner was hired by Gay & Taylor, Inc., as an adjuster trainee and received training in all aspects of claims evaluation and settlement, personal injury, as well as property damage.

At the trial plaintiff introduced no evidence of interference with plaintiff's contract by Gay & Taylor. One of plaintiff's witnesses testified that there was no active recruitment, no inducement offered Joyner by Gay & Taylor, nor was there malice.

Examination of the testimony evidences no "procuring" of the breach of contract by Gay & Taylor other than simply stating that there is a job available that pays such and such an amount. *Ott v. Gandy,* 66 Ga. App. 684, 688 (19 SE2d 180). There is no evidence of a solicitation with a purpose to harm or damage the employer (*Employing Printers Club v. Doctor Blosser Co.,* 122 Ga. 509 (50 SE 353, 69 LRA 90, 106 ASR 137, 2 AC 694)) nor is there evidence Gay & Taylor actively induced, conspired with, or aided and abetted Joyner to break his contract constituting tortious interference with Joyner's employment contract. *National Linen Service Corp. v. Clower,* 179 Ga. 136 (175 SE 460).

We agree with the trial judge that there is no evidence of recruitment, inducement or malice by Gay & Taylor, Inc., concerning the hiring of Joyner. Accordingly, the trial court did not err in granting a directed verdict on that ground.

*Judgment affirmed. All the Justices concur.*

ARGUED JULY 10, 1973 — DECIDED SEPTEMBER 6, 1973 — REHEARING DENIED SEPTEMBER 19, 1973.

*Adams, Adams, Brennan & Gardner, Richard J. Harris,* for appellant.

*Pierce, Renitz, Berry, Mahoney & Forbes, Morton Forbes,*

*Connerat, Dunn, Hunter, Houlihan, Maclean & Exley, Edward C. Minor, Arnold Young, Ralph Bowden, Albert Sadler,* for appellees.