## 27851. WULFHORST v. HUDGINS & COMPANY, INC.

GUNTER, Justice. Wulfhorst as employee entered into a contract with Hudgins as employer which provided for compensation for the employee and also contained a post-employment covenant not to compete.

The employment contract between the parties was entered into on June 12, 1968, and was terminated, insofar as employment was concerned, on August 5, 1972.

On August 18, 1972, Wulfhorst brought an action against Hudgins contending that Hudgins had breached the employment contract for failure to pay bonus compensation in accordance with the terms of the contract. Wulfhorst sought an accounting for the bonus compensation, the payment of such bonus compensation due as a result of the accounting, and he sought an injunction

to prevent Hudgins from enforcing the noncompetition covenant.

Hudgins responded by denying any breach on its part, contended that Wulfhorst had been paid all bonus compensation due under the contract, contended that Wulfhorst had voluntarily terminated his employment with Hudgins under the contract, and Hudgins sought to enjoin Wulfhorst from competing with Hudgins in violation of the terms of the noncompetition covenant.

The trial judge conducted a hearing, evidence was submitted, and he then entered a judgment in which he found that the noncompetition covenant was valid, that Wulfhorst had engaged in the general demolition business in the Atlanta area after termination of his employment with Hudgins, and he enjoined Wulfhorst from competing with Hudgins in certain designated areas for a period of two years from August 5, 1972.

Wulfhorst has appealed. He makes two essential contentions here. The first is that the noncompetition covenant contained in the employment contract is not enforceable; and he contends that there was an issue of fact with respect to the payment of bonus compensation which the trial judge did not resolve, and that if Hudgins did in fact breach the contract with respect to bonus payments, then Hudgins was not entitled to the injunctive relief awarded.

We reverse the judgment below.

The post-employment covenant provided that Wulfhorst would not engage in competition with Hudgins during the term of his employment by Hudgins and for a period of two years immediately following the termination of his employment by Hudgins. The covenant specified the noncompetition areas as the entire State of Georgia, Jacksonville, Florida, Chattanooga, Tennessee, Birmingham, Alabama, Wilmington, North Carolina, Charlotte, North Carolina, and Memphis, Tennessee.

The covenant then went on to say that the State of Georgia constitutes a single territory in which it is agreed that Hudgins was doing business; and with respect to the specified cities outside of the State of Georgia the covenant said that it was applicable in those cities only if reasonably necessary for the protection of Hudgins' business.

There is no evidence in this record that Hudgins conducted business operations throughout the entire State of Georgia or in any of the specified cities. Yet the injunction prohibited

Wulfhorst from being employed in the entire State of Georgia or in any of these cities for a period of two years following termination of his employment with Hudgins.

A post-employment covenant containing an agreement between the parties that the employer is doing business in a specified area is not enough, standing alone, to warrant enforcement of the covenant. If this were not so one can readily see how an employer could include in the covenant an agreement between the parties that the employer was doing business throughout the entire world.

Georgia has a very strong constitutional prohibition concerning non-competition agreements. See Code Ann. § 2-2701. But even pursuant to this constitutional provision such agreements will be upheld if the agreement does not adversely affect the interest of the public or injure the obligor beyond what is necessary to protect the legitimate rights of the obligee. See *Griffin v. Vandegriff,* 205 Ga. 288 (53 SE2d 345).

However, this Court has been reluctant to uphold such contracts unless the restrictions with respect to time and area are reasonable; and unless the restricted area or areas are plainly and clearly stated in the contract itself. We have declined to apply the doctrine of territorial severability. See *Rita Personnel Services Internat. Inc. v. Kot,* 229 Ga. 314 (191 SE2d 79).

We hold that in this jurisdiction such a contract must specify a time that is reasonable and a territory that is reasonable for the protection of the employer's legitimate business interests. A contract enumerating numerous territories which are not necessary for the protection of legitimate business interests of the employer is not an enforceable contract. Such a contract is overly broad, and the result is that it is not enforceable in even the smallest area specified, though that smaller area would be a legitimate and enforceable restricted area standing alone.

In the present case the restricted area covered the entire State of Georgia and six cities outside of the State of Georgia. There is no evidence in this record that Hudgins operated throughout the entire State of Georgia and in the six specified cities. In the absence of such evidence, it was error for the trial court to enter an injunction which prohibited Wulfhorst from being gainfully employed in the State of Georgia and in the six specified cities.

It may be that Hudgins can produce evidence to show that the restrictive covenant in this case is enforceable, but it has not done so yet.

*Judgment reversed. All the Justices concur, except Undercofler, Jordan and Ingram, JJ., who concur in the judgment only.*
ARGUED APRIL 10, 1973 — DECIDED OCTOBER 4, 1973.

*P. L. Wayman,* for appellant.
*Hatcher, Meyerson, Oxford & Irvin, Henry M. Hatcher, Jr.,* for appellee.


*Judgment reversed. All the Justices concur.*
ARGUED MAY 15, 1973 — DECIDED OCTOBER 4, 1973.