29295. WORLEY & ASSOCIATES, INC. v. BULL.

UNDERCOFLER, Justice.

Worley & Associates, Inc., is a court reporting company and employed Dennis G. Bull as one of its court reporters. Bull worked as a court reporter for the company about two years without an employment contract but then signed an employment contract and worked nine months thereafter. The contract provided that the employee would not during the period of his employment and for one year thereafter engage in verbatim court reporting, directly or indirectly, except as an employee of the company, within fifty miles of the DeKalb County Courthouse, Decatur, Georgia. The record shows that Bull is now conducting a court reporting office in Atlanta, Georgia, within the prohibited fifty mile radius. The company sought to enjoin the defendant from operating the court reporting office in violation of the contract and sought damages against him.

The trial judge denied an interlocutory injunction because he found that the evidence was conflicting as to whether the company was doing business in all of the

prohibited territory. The appeal is from this judgment.
*Held:*

1. The president of the company testified that during 1973 it had 1646 court reporting assignments, of which 77.75% were in the City of Atlanta, the City of Decatur, and the immediate area; that 19.88% were outside Atlanta and Decatur and within a fifty mile radius of the DeKalb County Courthouse; and that 2.37% were outside a fifty mile radius of the DeKalb County Courthouse.

Bull testified that "As a result of the three years affiant was employed by the plaintiff, he knows of his own personal knowledge that the plaintiff's customers are almost exclusively Atlanta area attorneys. On occasion, reporters employed by the plaintiff would be called upon to travel to outlying counties with local attorneys, however, the person hiring the reporter was a local attorney. Of the 41 counties included in the 50-mile radius of this agreement, affiant knows of his personal knowledge that neither Mr. Worley nor any court reporter employed by plaintiff has done business in at least 18 of the 41 counties. By that it is meant that the plaintiff neither had a customer in those counties nor did any of its reporters travel to any of those counties to do business."

In *Orkin Exterminating Co. v. Dewberry*, 204 Ga. 794, 807 (51 SE2d 669) this court said: "In the protection of the employer against the possibility of a former employee's contacting its customers, it is not reasonably necessary that he should be prohibited from working in a territory where the employer has never had customers. Certainly, the inclusion of such territory in a restrictive covenant is broader than reasonably necessary to protect the employer where there is no anticipation of immediately extending the company's business into the prohibited territory, but the anticipation is nothing more than a hope, based upon contingencies, which may or may not occur. Whatever may be the rule with regard to contracts of sale, it is our opinion, in view of the repeated rulings that employment contracts require more limited restraints, that such a broad territorial limitation unduly restricts the employee without any reasonable necessity

therefor." See *Thomas v. Coastal Indus. Services,* 214 Ga. 832 (2) (108 SE2d 328); *Purcell v. Joyner,* 231 Ga. 85 (2) (200 SE2d 363).

Since the evidence is in conflict as to whether the company did business in all of the territory embraced within the contract, the trial court did not err in refusing to grant an interlocutory injunction.

2. Since Division 1 of this opinion holds that the trial court did not err in refusing to grant an interlocutory injunction, the other enumerations of error need not be decided.

*Judgment affirmed. All the Justices concur, except Jordan, J., who dissents.*

ARGUED OCTOBER 16, 1974 — DECIDED NOVEMBER 26, 1974.

*Thomas H. Harper, Jr.,* for appellant.
*Dennis & Fain, Dennis J. Webb,* for appellee.

JORDAN, Justice, dissenting.

This opinion is another in a long line of cases from this court which make it practically impossible for an employer to protect his interests against a former employee who violates restrictive covenants in a contract. The facts here clearly show that the restrictive covenants as to time and territory are reasonable for the protection of the business interests of the employer. The facts show a clear violation of these covenants by the former employee. Yet we in effect sweep the contract under the table simply because the employer might not have had a customer in every remote area of the described territory.

The appellant proved that nearly 98% of its clients were within the designated territory. Under the facts of this case it was entitled to have its contract enforced by the courts.

I respectfully dissent.