## 31151. ORKIN EXTERMINATING COMPANY, INC. v. PELFREY.

UNDERCOFLER, Presiding Justice.

Ronald L. Pelfrey entered into an employment contract with Orkin Exterminating Company, Inc., effective September 16, 1971, as a serviceman-salesman for the territory composed of the cities of Chamblee, Atlanta, Sandy Springs, East Point, Decatur, Conyers, Lawrenceville, Covington, Jonesboro, McDonough, Norcross and Palmetto, and a radius of 10 miles from the boundaries of the cities. The contract provided that for a period of two years immediately following the termination of the contract the employee would not solicit business in this area. The contract also provided: "The Employee recognizes and agrees with the Company that in this contract between the Company and the Employee, the Company has the right, at any time, for reasons sufficient to the company, to change the territory assigned to the Employee, resulting in the Employee being changed from the assigned territory to an entirely different territory, and in the event of such change, that the conditions, terms and provisions of this agreement shall pertain and apply in every particular to any territory in which the Employee is assigned and has worked for the Company during any part of the twelve (12) month period next preceeding the termination of this agreement for any reason whatsoever. The Employee does expressly understand and agree that in the event of a change of territory to which he may be assigned by the Company, his responsibilities and obligations as to each and every covenant as set forth in Paragraph 8 above shall pertain and apply in every particular . . . to any territory to which the Employee is assigned and has worked for the Company during any part of the twelve

(12) month period next preceeding the termination of this agreement for any reason whatsoever."

The evidence shows that the employee was transferred by the company to Florida on May 15, 1974, for eight weeks and then was transferred back to the Decatur Branch of the Company, where he remained until March 31, 1975, when he resigned. He became an employee and owner of a competing company in the prohibited territory.

The trial court restrained the employee from competing with the employer for a period of two years from May 15, 1974 (the date he was transferred to Florida). The appeal is from this judgment. *Held:*

Georgia law provides that contracts in restraint of trade or tending to lessen competition are against public policy and therefore, void. Code § 20-504; Ga. Constitution, Art. IV, Sec. IV, Par. I (Code Ann. § 2-2701).

Covenants against competition contained in employment contracts are considered in partial restraint of trade and are to be tolerated only if strictly limited in time and territorial effect and otherwise reasonable considering the business interest of the employer sought to be protected and the effect on the employee. *Orkin Exterminating Co. v. Dewberry,* 204 Ga. 794 (51 SE2d 669) (1949); *Rakestraw v. Lanier,* 104 Ga. 188 (30 SE 735, 69 ASR 154) (1898). "Whether the restraints imposed by an employment contract are reasonable is a question of law for determination by the court." *Taylor Freezer Sales Co. v. Sweden Freezer Eastern Corp.,* 244 Ga. 160, 162 (160 SE2d 356) (1968). .

1. In our opinion the provisions of an employment contract which allow the employer to assign the employee to any territory it desires with the restrictive covenants following the employee is too indefinite to be enforced. "Such a contract is overly broad, and the result is that it is not enforceable in even the smallest area specified, though that smaller area would be a legitimate and enforceable restricted area standing alone." *Wulfhorst v. Hudgins & Co.,* 231 Ga. 170, 172 (200 SE2d 743) (1973); *Rita Personnel Services v. Kot,* 229 Ga. 314 (191 SE2d 79) (1972).

2. In Division 1 we have held the contract here is

void. However, since two years from May 15, 1974, have expired the question relating to the injunction is now moot. Therefore, the trial court's judgment will not be disturbed.

*Judgment affirmed. All the Justices concur, except Jordan, J., who concurs in the judgment only, and Hill, J., who concurs specially.*

ARGUED JUNE 15, 1976 — DECIDED JULY 9, 1976 — REHEARING DENIED JULY 20, 1976.

*Richard P. Decker,* for appellant.
*Bailey & Bohannon, Clifton O. Bailey,* for appellee.

HILL, Justice, concurring specially.

I concur in the judgment of the court but am unable to agree with the reasoning of the majority.

As I understand the opinion and decision, the majority hold that the restrictive covenant in this contract was void ab initio because the original territory was too indefinite. The majority find this covenant to be indefinite on its face, whether or not the employee was transferred, because there is no boundary described for any place to which the employee may be transferred. If the majority predicated its decision on the fact that the employee was in fact transferred to Orlando, Florida, I could agree that at that point the covenant became invalid. However, I agree that this covenant was void ab initio (although my reasons differ from those of the majority) and hence I concur in the judgment.

Pretermitting the question of whether the 12 city territory was reasonably necessary to protect some legitimate business of the employer (*Purcell v. Joyner;* 231 Ga. 85 (2) (200 SE2d 363) (1973); *Wulfhorst v. Hudgins & Co.,* 231 Ga. 170, 172 (200 SE2d 743) (1973)), I find this restrictive covenant to be unenforceable.

The employment contract provides that the employer employs the employee for its Chamblee, Georgia, office. The two year restrictive covenant appears in paragraph 8 and the 12 city territory in paragraph 8(e).

The second sentence in paragraph 9 provides: "The

Employee does expressly understand and agree that in the event of a change of territory to which he may be assigned by the Company, his responsibilities and obligations as to each and every covenant as set forth in Paragraph 8 above shall pertain and apply in every particular (in addition to the territory stated in Paragraph 8 above) to any territory to which the Employee is assigned and has worked for the Company during any part of the twelve (12) month period next preceding the termination of this agreement for any reasons whatsoever."

According to the quoted provision, the employee may be transferred to Timbuktu, spend 20 years there in the employ of the company, and be prohibited from working for a competitor in the Atlanta area for the following two years. Such a restriction is unreasonable.

It is immaterial that the first sentence in paragraph 9 would not have this effect; the second sentence does; and we will not sever the broader, more restrictive provision so as to leave the narrower, valid provision. *Rita Personnel Services v. Kot,* 229 Ga. 314 (191 SE2d 79) (1972).

Because I find the covenant unenforceable, I concur in the judgment.