32672. BRITT et al. v. DAVIS.

BOWLES, Justice.

Appellants brought this action to enforce a covenant not to compete ancillary to an employment contract.

On September 29, 1976, the appellee entered into a sales representative agreement with the appellants, L. G. Balfour Company, and its "regional representatives," Hollis K. Britt and Howard L. Smith. The contract of employment provided that "in the event of termination of this agreement for any reason, the sales representative agrees that for a period of two years after such termination, he will not directly or indirectly, for himself, or as agent of, or in behalf of, or in conjunction with any person, firm, association, or corporation, sell or solicit orders for any other merchandise of that kind or character manufactured, or sold by Balfour *within the territory that had been assigned to the regional representative.*"(Emphasis supplied.) The written contract did not specify the territory assigned to either the sales representative or the regional representative but stated that "the territory of the sales representative shall be such as he may be required to cover by the regional representative from the territory exclusively assigned to the regional representative by Balfour."

On December 11, 1976, the appellee terminated his

employment with the Balfour Company and began soliciting orders on behalf of another company in the same territory that had been exclusively assigned by Balfour to one of the regional representatives.

L. G. Balfour Company and the two named regional representatives filed an action in the Superior Court of Gwinnett County and prayed for temporary and permanent injunctions against appellee's breach of the covenant not to compete. After a hearing, the trial court entered an order which found the restrictive covenant to be void and unenforceable because it failed to specifically describe the territory to be affected by the restrictive covenant. It is from the order, denying the issuance of an injunction, that appellant appeals.

1. Georgia law provides that contracts which tend to lessen competition or which are in restraint of trade are against public policy and are void. Georgia Constitution, Art. IV, Sec. IV, Par. I (Code Ann. § 2-2701 (Rev. 1973)); Code Ann. § 20-504. While this is the general rule, a contract in partial restraint may be upheld provided the restraint is reasonable and the contract is valid in other essentials. *Orkin Exterminating Co. v. Dewberry,* 204 Ga. 794, 802 (51 SE2d 669) (1949).

"Whether the restraints imposed by an employment contract are reasonable is a question of law for determination by the court. *Rakestraw v. Lanier,* 104 Ga. 188, 194 (30 SE 735) (1898)." *J. C. Pirkle Machinery Co. v. Walters,* 205 Ga. 167, 168 (52 SE2d 853) (1949); *Wake Broadcasters, Inc. v. Crawford,* 215 Ga. 862 (114 SE2d 26) (1960); *Orkin Exterminating Co. v. Pelfrey,* 237 Ga. 284 (227 SE2d 251) (1976). As such, the "court has customarily considered three separate elements of such contracts in determining whether they are reasonable or not. These three elements may be categorized as (1) the restraint in the activity of the employee, or former employee, imposed by the contract; (2) the territorial or geographical restraint; and (3) the length of time during which the covenant seeks to impose the restraint." *Coffee System of Atlanta v. Fox,* 226 Ga. 593, 595 (176 SE2d 71) (1970).

Thus, such contracts will be enforceable "only if strictly limited in time and territorial effect and

otherwise reasonable considering the business interest of the employer sought to be protected and the effect on the employee." *Orkin Exterminating Co. v. Pelfrey,* supra.

In the present case, the restrictive covenant was held to be reasonable in regard to the restraint imposed upon the employee and the time limitation contained therein. The sole question before this court is whether the territorial limitation contained in the restrictive covenant is reasonable.

2. It is clear from reading the contract that the territory assigned to the sales representative is such as he may be required to cover of that territory assigned by the company to "the regional representative." Even though parol evidence may be admissible to define the territory that had been assigned to a regional representative by Balfour Company the covenant is still unenforceable. The territory assigned to the regional representative does not coincide with the territory assigned to the sales representative and for this reason alone it is too indefinite to be enforceable.

In *Orkin Exterminating Company v. Pelfrey,* supra, we held that an employment contract which allowed an employer to assign the employee to any territory it desired with the restrictive covenants following the employee was too indefinite to be enforced. "Such a contract is overly broad, and the result is that it is not enforceable in even the smallest area specified, though that smaller area would be a legitimate and enforceable restricted area standing alone. *Wulfhorst v. Hudgins & Co.,* 231 Ga. 170, 172 (200 SE2d 743) (1973); *Rita Personnel Services v. Kot,* 229 Ga. 314 (191 SE2d 79) (1972)." *Orkin,* p. 285.

The rationale behind this position is explained in *Durham v. Stand-By Labor,* 230 Ga. 558, 562 (198 SE2d 145) (1973). The clause in that contract stated that the employee would not enter into any competitive activity "within a radius of 50 miles of any city in which Stand-By Services, Inc., or any affiliated company is operating at the time . . . employment is terminated." The court held this clause to be too broad and in restraint of trade due to the chilling effect that may be had upon post-employment competitive activity because of the employee's inability to forecast with certainty the territorial extent of the duty

owed the former employer. See *Fuller v. Kolb,* 238 Ga. 602 (234 SE2d 577) (1977).

In the contract before us now, appellee agreed not to compete "within the territory that had been assigned to the regional representative," there being named two regional representatives. Although parol evidence may be admissible to explain what territory a regional representative was assigned, this contract named two "regional representatives" and the territory of each was capable of being enlarged by the company at any time. Because the territory to which appellee was assigned as sales representative may not have included the entire area contemplated by the noncompete clause, this covenant is too indefinite to be enforced by the courts.

*Judgment affirmed. All the Justices concur, except Hill, J., who concurs specially, and Jordan, J., who dissents.*

SUBMITTED AUGUST 19, 1977 — DECIDED SEPTEMBER 27, 1977.

*Stark, Stark & Henderson, James A. Henderson,* for appellants.

*Jordan & Jordan, Hill Jordan,* for appellee.

HILL, Justice, concurring specially.

I concur in the judgment of the court. The territorial limitation is greater than the territory in which the employee was employed and the employer has failed to show any legitimate business interest to be protected by the enlarged territory. *Howard Schultz & Assoc. v. Broniec,* 239 Ga. 181, 183 (236 SE2d 265) (1977).