## 61919. EDWARDS v. DAVIS.

SHULMAN, Presiding Judge.

The parties to this appeal, both ophthalmologists, entered into a contract, the net effect of which was to transfer Edwards' practice to Davis. Dissatisfied with the bargain, Edwards subsequently brought suit under various theories seeking to avoid the contract. This appeal is from a summary judgment granted to Davis.

1. In April of 1980, the trial court granted Davis a summary judgment on all counts of Edwards' complaint. At that time, Davis had a counterclaim pending. In June of 1980, Edwards filed an amendment to his complaint, raising a theory of recovery not included in the original complaint. Davis subsequently dismissed his counterclaim and, still later, sought to have Edwards' amendment stricken. The trial court refused but, on Davis' motion, granted another summary judgment to Davis. This appeal is from that judgment. Davis has moved to dismiss this appeal, contending that the time for appeal expired after the April judgment and that all subsequent proceedings were void. We disagree and deny the motion to dismiss.

We find the denial of appellee's motion to be mandated by the Supreme Court's holding in *Culwell v. Lomas & Nettleton Co.,* 242 Ga. 242 (248 SE2d 641), and by the language of Code Ann. § 81A-154 (b). In *Culwell,* the Supreme Court held that Code Ann. § 81A-156 (h), which permits direct appeal from any grant of summary judgment, is an exception to the finality rule expressed in Code Ann. § 81A-154 (b). Under that ruling, in a case in which § 81A-154 (b) applies because of multiple parties or claims, a party against whom summary judgment has been entered may appeal that judgment immediately or may wait until the entire action is concluded and then appeal. The necessary implication of that decision is that the case is still pending and that the grant of summary judgment is "subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." Code Ann. § 81A-154 (b). Since the case was still pending and there had been no pretrial order entered pursuant to Code Ann. § 81A-116, appellant was authorized by Code Ann. § 81A-115 to amend his pleadings as a matter of right. That being so, by the time appellee dismissed his counterclaim, there was another claim pending. It follows, therefore, that appellant was not required to appeal within 30 days of the entry of the summary judgment or within 30 days of appellee's dismissal of his counterclaim. The final judgment in this case was the one from which this appeal was taken, the second grant of summary judgment to appellee.

2. When appellant amended his complaint, he advanced a new theory of recovery: he contended that a covenant not to compete contained in the contract at issue was void and thereby voided the entire contract. Based on that contention, appellant sought a judgment declaring the contract void. Appellant's first enumeration of error concerns the trial court's ruling that appellant had not presented a justiciable controversy on which a declaratory judgment could be based. We find no error in that ruling.

Appellant's suit for declaratory judgment is based on what he contends is an unreasonable (and therefore void) covenant not to compete. However, appellant has asserted no specific right he wishes to exercise and appellee has not contested the exercise of any right by appellant. Therefore, no controversy has been shown to exist. Compare *Insurance Center v. Hamilton,* 218 Ga. 597 (1a) (129 SE2d 801); *Watkins v. Avnet, Inc.,* 122 Ga. App. 474 (1) (177 SE2d 582). Code Ann. § 110-1101 (a) requires that there be an "actual controversy" before a superior court may enter a judgment declaring the rights of the parties. There being no such controversy shown in the present case, the trial court was correct in granting summary judgment to appellee on that claim. See *Medlin v. Mickle,* 240 Ga. 552 (242 SE2d 38).

3. Two other enumerations are also based on appellant's contention that the covenant not to compete is void. The trial court found it not so, and we agree.

Citing *Rakestraw v. Lanier,* 104 Ga. 188 (30 SE 735), appellant argues that the reasonableness of the covenant here must be considered under the stricter standard of review applicable to professional partnership agreements rather than the standard applicable to contracts for the sale of a business. The trial court found the contract to be one for the sale of a business; we agree with that holding. Unlike the doctors in *Rakestraw,* the parties here did not enter into a partnership. Appellee purchased furniture and equipment, subleased office space, bought the right to use the name "Paces Ferry Eye Clinic" and agreed to treat appellant's patients. There was a provision in the contract that appellant would be available for consultation, but that provision was so hedged about with qualifications and limitations as to render appellant's participation in the practice minimal if not illusory. The provisions in the contract for the "employment" of Dr. Edwards were so minor that it would be wholly unrealistic to describe the agreement as an employment contract or as a professional partnership agreement. It also appears from the record that Dr. Edwards, because of ill health, had withdrawn from the active practice of medicine even before the contract here involved was executed. For that reason, the contract

cannot be viewed as one "binding one to desist from the practice of a learned profession." Id., p. 198. The evidence before the trial court demanded the conclusion that the contract here was for the sale of a business. It follows that the standard to be applied is that enunciated in *Hood v. Legg,* 160 Ga. 620 (128 SE 891); and *Jenkins v. Jenkins Irrigation,* 244 Ga. 95 (259 SE2d 47).

The territorial limitation here was the five-county metropolitan Atlanta area and was, as the trial court found, clearly reasonable. The scope of the activity from which appellant agreed to refrain was likewise found reasonable by the trial court. In essence, appellant agreed not to engage in any business activity involving ophthalmology or supporting an ophthalmological practice. We do not find the scope of the covenant overbroad or oppressive, especially when considered in the context of appellant's previous withdrawal from active practice.

Appellant has also complained of the duration of the covenant, but we find no fault there either. "[I]t has been said that covenants not to compete made in conjunction with the sale of a business may be unlimited as to time (so long as the buyer remains in business) and still be valid. [Cits.]" *Jenkins,* supra, p. 98. Since the scope and territorial limitation of the covenant are reasonable and we have agreed with the trial court that this case involves a covenant not to compete ancillary to the sale of a business, we have had no difficulty in finding the duration of the covenant, which was limited by its own language and further limited by the trial court, reasonable. Appellant's enumerations of error involving the trial court's finding that the covenant was reasonable and valid are without merit.

4. Appellant's final enumeration of error attacks the refusal of the trial court to tax against appellee the cost of preparing the record for this appeal. In his notice of appeal, appellant designated only a portion of the record to be sent to this court. Appellee, pursuant to Code Ann. § 6-806, designated significantly larger portions of the record for inclusion in the record on appeal. Appellant moved the trial court for an order requiring appellee to pay the additional costs incurred as a result of appellee's designation. The trial court found the additional portions of the record necessary for appellate review and denied appellant's motion.

"Code Ann. § 6-805 (f) makes clear that the trial court controls the determination of the final record on appeal [cit.], and may even supplement the record designated by the parties on its own motion [cit.]. It follows then that if the trial court finds that the additional portions designated by the appellee are necessary to complete the record on appeal, the costs must be paid by the appellant; only if considered unnecessary on appeal, should the costs be taxed against

the appellee. The trial court's decision will not be reversed absent a manifest abuse of discretion." *Jones v. Spindel,* 239 Ga. 68, 70 (235 SE2d 486).

Appellant has shown no such abuse of discretion in this case. Accordingly, we find no error in the trial court's decision to tax the cost of preparing the record against appellant.

*Judgment affirmed. Birdsong and Sognier, JJ., concur.*

DECIDED SEPTEMBER 14, 1981 —
REHEARINGS DENIED OCTOBER 8 and OCTOBER 22, 1981.

*Andrew R. Kirschner,* for appellant.
*George R. Neuhauser, Charles H. Ivy, R. Peter Catlin III,* for appellee.