## S90A0797. CURRY v. CURRY.
### (392 SE2d 879)

WELTNER, Justice.

The parties were married in 1975, divorced in 1977, and remarried "by the common law" later in 1977. The husband filed for divorce in 1981 and again in 1984. In 1984, the parties signed a reconciliation agreement that dismissed the pending action without prejudice; provided for certain payments by the husband to the wife; and barred the wife from future claims for alimony or equitable division of property. In 1989, the husband filed a new complaint for divorce, and sought an order enforcing the reconciliation agreement. A hearing was held before the wife filed defensive pleadings or counterclaim, and the trial court entered a final judgment to enforce the agreement. We granted the wife's application for discretionary appeal.

1. (a) The wife contends that the trial court erred in granting a final judgment following a "temporary" hearing.

(b) In *Royston v. Royston*, 236 Ga. 648, 650 (225 SE2d 41) (1976), we held that "a party may consent to the holding of a hearing . . . prior to the expiration of 30 days. . . ." The record shows that counsel for the wife agreed that the sole purpose of the hearing was to determine the validity of the reconciliation agreement, and that if the agreement was determined not to be valid, then another hearing would be set to resolve issues of support. The wife's counsel participated fully in the hearing, raised no objections to its timeliness, and requested that the court rule upon the enforceability of the agreement. After a three-hour hearing, the trial court held that the reconciliation agreement was valid. The sole issue in the case having been resolved, there was nothing left to be decided.

2. (a) The wife complains that the trial court's findings resolved several jury issues.

(b) In *Scherer v. Scherer*, 249 Ga. 635, 641 (3) (292 SE2d 662) (1982), we held:

> [T]he *trial judge* should employ basically three criteria in determining whether to enforce [an antenuptial agreement in contemplation of divorce] in a particular case: (1) was the agreement obtained through fraud, duress or mistake, or through misrepresentation or nondisclosure of material facts? (2) is the agreement unconscionable? (3) have the facts and circumstances changed since the agreement was executed, so as to make its enforcement unfair and unreasonable? [Emphasis supplied.]

We know of no reason why a reconciliation agreement should stand on a different footing from an antenuptial agreement under *Scherer*, supra. *Scherer* specifies that the trial judge shall determine whether or not to enforce the agreement.[1] There was no error.

3. (a) The wife asserts that the trial court's conclusion (that the agreement was not unconscionable) is inconsistent with its findings that:

> The terms and conditions of the reconciliation agreement were unfair and inequitable in that in any divorce proceeding in 1984, the wife had a substantial likelihood of receiving some equitable division of property despite any acts of adultery which could bar alimony. . . . When [the wife] entered into such agreement that such terms, while unfair as to specific economic benefits accruing at the time of the exe-

---

[1] See also *Career Girl &c. Service v. Bridgewater*, 226 Ga. 166, 167 (173 SE2d 214) (1970).

cution or within a reasonably foreseeable time thereafter under the terms of the agreement, did not constitute an unconscionable agreement.

(b) Viewing the findings in toto, there was no error.[2]

4. (a) The wife asserts that the agreement should not be enforced because the husband has not complied with its terms.

(b) The record shows that: the parties entered into the agreement freely and knowingly; the husband introduced in evidence, proof of his payments to and on behalf of the wife; the trial court concluded that the wife was estopped to claim that there was a lack of consideration due to the passing of five years, during which time the wife had benefited greatly from the agreement. The finding by the trial court of the husband's compliance with the agreement was not clearly erroneous.

*Judgment affirmed. All the Justices concur, except Benham, J., who dissents.*

---

[2] The findings are, in part, as follows:

The substantial non-marital assets and the value of the total estate of the [husband] and continuing in a marriage relationship with a man who has a deteriorating health condition and a foreseeable shortened life expectancy in itself was a substantial legal benefit.

This marriage would have terminated in 1984 but for such reconciliation which [the wife] fully recognized.

There has been no change in circumstances that were not foreseeable at the time that the agreement was entered into, that the deteriorating disability of the [husband] was foreseeable, the increase in the value of the non-marital assets was foreseeable as well as her graduating from nursing school and having an independent source of earnings.

[T]here has been a substantial performance under the reconciliation agreement as to the terms and conditions of said agreement such as to make the reconciliation agreement binding on the parties.

[U]nder the doctrine of equitable estoppel, since the major benefits [sic] sought by the [wife] was a continuation of a marriage which but for such agreement would have terminated in divorce in 1984, and because of her intent to enter into the agreement no matter what the terms as far as immediate economic benefit to her, she achieved and received the benefit of the bargain sought and caused a substantial change in condition on the part of the [husband].

[Husband] had a right to rely on the agreement to his detriment.

[I]n entering into such agreement . . . the [husband] did not do so fraudulently or to mislead or misrepresent the facts to the [wife] because he lived under said agreement from 1984 to the date of said hearing, which is a.significant period of time.

[S]ince the parties were represented by counsel and dealt at arm's length and bargained for what they received, this court is bound by the terms and conditions whether fair or unfair or contrary to what a court or jury would do upon a divorce proceeding.

[A]bsent a showing of fraud, mistake, duress, misrepresentation of fact, unconscionability or substantial change in condition, the court does not have the authority to set aside or ignore such contract.

[T]he parties are both bound by those terms.

Decided July 5, 1990.

*Charles S. Hunter*, for appellant.
*J. Stephen Clifford*, for appellee.