A98A0456. DAVIS v. ALBANY AREA PRIMARY HEALTH CARE, INC.
(503 SE2d 909)

Judge Harold R. Banke.

In November 1994, Grace V. Davis, M.D., and Albany Area Primary Health Care, Inc. ("AAPHC"), entered into an agreement which

prohibited Davis from practicing medicine within a 20 air-mile radius of AAPHC's medical centers for a period of two years. The parties stipulated that before the expiration of the Agreement, Davis opened a pediatric practice in Sylvester, Georgia, which was located within a 20 air-mile radius of the AAPHC clinic where she had worked most of the time. Davis worked one-half day per week at a second clinic. AAPHC operated four clinics when Davis signed the contract, and opened a fifth during Davis' term of employment.

AAPHC successfully sought an interlocutory injunction enforcing the non-compete clause. Davis challenges that decision in her sole enumeration of error. *Held*:

A contract in general restraint of trade or which tends to lessen competition is against public policy and is void. *W.R. Grace & Co. v. Mouyal*, 262 Ga. 464, 465 (1) (422 SE2d 529) (1992) (citing 1983 Ga. Const., Art. III, Sec. VI, Par. V (c); OCGA § 13-8-2). However, "a restrictive covenant contained in an employment contract is considered to be in partial restraint of trade and will be upheld if the restraint imposed is not unreasonable, is founded on a valuable consideration, and is reasonably necessary to protect the interest of the party in whose favor it is imposed, and does not unduly prejudice the interest of the public." Id. In evaluating its reasonableness, the contract's duration, territorial coverage, and scope of activity must be considered. Id. "Whether the restraint imposed by the employment contract is reasonable is a question of law for determination by the court. . . . [Cit.]" Id. This Court strictly scrutinizes the trial court's determination of reasonableness.[1] *Delli-Gatti v. Mansfield*, 223 Ga. App. 76, 78 (1) (477 SE2d 134) (1996).

Covenants not to compete in employment contracts are reasonable only if they are strictly limited in time and territorial effect. *Orkin Exterminating Co. v. Pelfrey*, 237 Ga. 284, 285 (1) (227 SE2d 251) (1976). Such covenants generally can restrict competition only in the specific area in which the employee actually did business for the employer prior to termination. *W.R. Grace & Co.*, 262 Ga. 466 (2). A noncompete covenant forbidding a physician from engaging in the practice of medicine for two years within a fifty mile radius of *any* office operated by the contracting multi-office clinic was deemed unenforceable and overbroad because no matter where the physician located a practice, the clinic could move within fifty miles of the physician. *Osta v. Moran*, 208 Ga. App. 544, 547 (2) (430 SE2d 837) (1993).

This same defect exists in the Agreement at issue here. The

---

[1] We believe the consolidation provisions of OCGA § 9-11-65 (a) (2) apply to this case. Thus, the standard of review used in *Chambers v. Peach County*, 268 Ga. 672, 673 (1) (492 SE2d 191) (1997), is inapplicable.

Agreement's non-compete clause states in pertinent part: "[T]he Physician agrees that upon termination of this agreement and the employment and the employment relationship created thereby, he/she will not engage in the practice of medicine for a period of two years thereafter within a 20 air-mile radius of AAPHC's centers thereof either as an employee of another, in association with another, or as an individual unless AAPHC consents thereto in writing."

In effect, this Agreement prohibited Davis from practicing medicine in any form within a 20 air-mile radius of *any* of AAPHC's centers for a period of two years upon termination of the Agreement, barring her from working within 20 miles of the existing clinics where she never worked or even the new clinic opened during her tenure. No matter where Davis chose to open a medical practice, AAPHC could open a clinic within 20 air-miles and require Davis to move pursuant to the Agreement. "Such a contract is overly broad, and the result is that it is not enforceable in even the smallest area specified, though that smaller area would be a legitimate and enforceable restricted area standing alone." *Wulfhorst v. Hudgins & Co.*, 231 Ga. 170, 172 (200 SE2d 743) (1973); *Rita Personnel Svcs. v. Kot*, 229 Ga. 314, 317 (191 SE2d 79) (1972) (declining to apply the "blue pencil theory of severability" to a restrictive covenant).

As expressly stated in the Agreement, AAPHC seeks to avoid competition through this covenant. The avoidance of competition is not a legitimate business interest sufficient to justify such an uncertain geographic limitation as to where Davis may practice medicine. *Osta*, 208 Ga. App. at 547 (2).

Notwithstanding AAPHC's contention to the contrary, *Delli-Gatti v. Mansfield*, 223 Ga. App. at 79 (3), is distinguishable. The non-compete clause at issue there only prevented the physician from practicing in one particular county for 12 months. Id. at 78-79. It did not impede her ability to determine with certainty the area in which her post-employment activities were restricted.

*Judgment reversed. Johnson, P. J., and Smith, J., concur.*

DECIDED JULY 8, 1998.

*Norman J. Crowe, Jr., Earl McCall*, for appellant.
*Langley & Lee, Carl R. Langley*, for appellee.