43904.   BROWN STOVE WORKS, INC. v. KIMSEY.

EBERHARDT, Judge.   The sole question with which we find it necessary to deal is whether observance of a non-competitive employment provision in a non-contributory deferred profit-sharing plan may be a valid condition precedent to participation in the plan, even though the provision, by reason of the broadness of terms could not be invoked to enjoin or prohibit the employee's competitive activity.

In order to initiate the plan the defendant company and certain trustees entered into an agreement which provided, inter alia: "Article   XIV—Competitive   Employment—Notwithstanding

any of the provisions of this agreement, no benefits shall be payable or continue to be payable hereunder to a participant or former participant, if such participant or former participant enters or continues, by employment or otherwise, in any activity thirty days after receiving notice from the company that such activity is deemed by the company to be competitive with the business of the company. Failure to desist from such activity within such thirty-day period shall effect a complete and absolute cancellation of all benefits hereunder." The plan also provided that it should be construed in accordance with the laws of Tennessee.

The plaintiff left his employment with the defendant company as vice president of sales in Cleveland, Tennessee, to accept a comparable position with a competitor in Chattanooga, some thirty miles distant. Notice was sent to plaintiff in accordance with Article XIV, and, upon his failure to cease the competitive employment, his credits in the plan were canceled and reallocated among the other participants. Plaintiff then brought this suit against the company for his credits, claiming that he was a third-party beneficiary to the agreement and contending that Article XIV was invalid and void. The company has not asked the court to prevent plaintiff from competing with it, and hence there is no issue as to the enforcement of a covenant not to compete. Nor is there any issue as to plaintiff's own money, since all amounts credited to his account were contributed by the company out of its profits.

The trial court overruled a motion to dismiss for failure to state a claim upon which relief could be granted (*Code Ann.* § 81A-112 (b) (6)), and granted plaintiff's motion for partial summary judgment to the extent of declaring Article XIV invalid so that it afforded no basis for cancellation of plaintiff's interest in the plan. *Held:*

1. There does not appear to be any Tennessee authority as to whether the validity of a competitive employment provision in a non-contributory profit-sharing plan should be determined by the rules applicable to injunction suits based upon covenants not to compete ancillary to employment contracts[1]

[1]Plaintiff's position is that if these rules govern, under Georgia cases Article XIV is invalid on its face as being unlimited as to territory and time and too indefinite as to the nature of the com-

or whether such provisions are *sui generis*. In the absence of such authority, we must presume that the Tennessee law is the common law as interpreted by the decisions of the courts of this State. Cf. *Slaton v. Hall*, 168 Ga. 710 (148 SE 741, 73 ALR 891); *Trustees of Jesse Parker Williams Hospital v. Nisbet*, 189 Ga. 807 (7 SE2d 737); *Greenfield v. Chronicle Printing Co.*, 107 Ga. App. 442 (1) (130 SE2d 526).

2. Accordingly, since the company has neither taken nor threatened to take any action against plaintiff by reason of Article XIV and this article appears to be only a condition to receiving benefits under the profit sharing plan, it is not violative of public policy as imposing a penalty or as a contract in general restraint of trade. *Collins v. Storer Broadcasting Co.*, 217 Ga. 41, 50 (2b) (120 SE2d 764). As we understand the *Collins* case the Supreme Court holds that to make either the continuance in employment or the refraining from competitive activity a condition precedent to participation in a profit-sharing plan on the one hand, and to restrict his right to enter into a competitive activity for the earning of a livelihood by a contract in restraint of trade on the other, are separate and distinct matters. That the agreement, because of its unreasonableness, may be void in the latter instance does not mean that it is void as a condition to membership in a profit-sharing plan initiated by the employer at its own expense for the encouraging of valued employees to continue in employment.

A restriction in the contract which does not *preclude* the employee from engaging in competitive activity, but simply provides for the loss of rights or privileges if he does so is not in restraint of trade. Kristt v. Whelan, 4 A. D. 2d 195 (164 NYS2d 239), affirmed in 5 N. Y. 2d 807 (181 NYS2d 205, 155 NE2d 116).

---

pany's business and the activity prohibited to plaintiff. Defendant's position on the other hand is that under Tennessee law enforcement of the covenant would be allowed as against a defendant whose breach has occurred within an area in which a covenant would be clearly reasonable, even though the terms of the agreement impose a larger and unreasonable restraint. See Kline, "Covenants Not to Compete—The Tennessee Cases," 31 Tenn. L. Rev. 450, 468-69 (1964).

Article XIV does no more than to provide for a forfeiture of the employee's right or privilege of participating in the profit-sharing plan if he leaves the service of the company and engages in competitive activity. It does not *prohibit* him from engaging in the activity, nor does the company seek to do so. The holdings in *Carson v. Sun Life Assurance Co.*, 56 Ga. App. 164 (192 SE 241) and *Foster v. Union Central Life Ins. Co.*, 103 Ga. App. 420 (119 SE2d 289) insofar as they may conflict with the ruling here made, are overruled. We regard them as incorrectly holding the contracts involved to be in restraint of trade when the employer sought to recover advances made to the employee. In neither instance did the employer seek to prohibit the employee from engaging in a competitive employment—nor did the contract itself; he was free to do so, but in doing it forfeited a right or privilege which he could have claimed by remaining in the company's employment or by refraining from a competitive activity. These were contract provisions relative to compensation and not covenants in restraint of trade. Ekman v. United Film Service, Inc., 53 Wash. 2d 652 (335 P2d 813); Barr v. Sun Life Assur. Co. of Canada, 146 Fla. 55 (200 S 240); Stancliff v. Southland Life Ins. Co. (Tex. Civ. App.), 172 SW2d 521.

3. Since plaintiff's attack upon Article XIV fails, and no other basis for recovery appears, the judgments overruling defendant's motion to dismiss and granting plaintiff's motion for partial summary judgment must be

*Reversed. Bell, P. J., Jordan, P. J., Hall, Pannell, Quillian and Whitman, JJ., concur. Felton, C. J., and Deen, J., dissent.*

ARGUED SEPTEMBER 4, 1968—DECIDED FEBRUARY 28, 1969—REHEARING DENIED MARCH 26, 1969—

*Gambrell, Russell, Moye & Killorin, E. Smythe Gambrell, James H. Bratton, Jr., Edward W. Killorin,* for appellant.

*Kilpatrick, Cody, Rogers, McClatchey & Regenstein, Barry Phillips, Emmet J. Bondurant, R. Lawrence Ashe, Jr.,* for appellee.

FELTON, Chief Judge, dissenting. In my opinion, *Collins v. Storer Broadcasting Co.*, 217 Ga. 41, supra, is not controlling. In the instant case the defendant declared the contract forfeited. Article XIV of the agreement is void because it is in restraint

of trade. The defendant can obtain no relief of any kind under it and is not required to do so as a condition precedent to the plaintiff's rights in the premises. The defendant acted without authority under an illegal provision of the contract. The ruling in *Collins*, supra (p. 51), to the effect that "the employer has neither taken nor threatened to take any action against the plaintiff by reason of the contract" does not mean anything except that in the absence of such action by the company the plaintiff was not entitled to a decree of the cancellation of the contract under *Code* § 20-504 and *Code* § 37-1410. It does not mean that the plaintiff in this case cannot recover a money judgment because the defendant employer has taken no affirmative action on the contract against the plaintiff.

The provision at issue does not permit freedom to work for a competitor without a penalty. This is what makes it in restraint of trade. The *Carson* case was decided when this court well knew that Georgia was alone in its conclusion. Application for certiorari was denied by the Supreme Court in *Carson v. Sun Life Assurance Co.*, 56 Ga. App. 164 (192 SE 241).

I am authorized to state that Judge Deen concurs in this dissent.