## 55711. SHEPPARD v. COLUMBUS PACKAGING COMPANY, INC.

BELL, Chief Judge.

This is a suit to recover deferred compensation under an employment contract. The trial court granted defendant's motion for summary judgment.

The material facts are not in dispute. Plaintiff was employed as the vice president and general manager of defendant's Columbus, Georgia plant under a written contract of employment. The contract provided for payment of deferred compensation to defendant for a number of months on his discharge. The contract also provided in this connection: "The Company's obligation to

make payments of Deferred Compensation shall be contingent upon the faithful performance or observance by the Employee of his obligation under this Agreement." Paragraph 6 of the contract stated: "6. Competition: During the term of his employment by the Company hereunder, the Employee will not have any other corporate affiliations of any kind whatsoever in any corporation engaged in the manufacture of flexible packaging or other business competitive to the Company, without the prior approval of the Board of Directors of the Company. During the term of such employment, and for the period during which he is receiving payments of Deferred Compensation, the Employee will not directly or indirectly engage in any business competitive with the business then being conducted by the Company in any area in which such business is then being conducted." Defendant was subsequently discharged. He was paid deferred compensation under the contract terms until his employment with another company, Continental Group or also known as Continental Can. While plaintiff argues the point to the contrary, the evidence before the trial court demands the conclusion that plaintiff's new employer was a competitor of defendant. *Held:*

1. Plaintiff makes a strong contention that paragraph 6 is void and unenforceable as an un-reasonable restraint on trade as paragraph 6 is not limited in time and geographic area. He cites numerous decisions of the Supreme Court. However, all these cases were suits for injunction to *prevent* the violation of restrictive covenants not to engage in competition and were not suits to recover deferred compensation as here. See *Dunn v. Frank Miller Assoc.,* 237 Ga. 266 (227 SE2d 243); *Britt v. Davis,* 239 Ga. 747 (238 SE2d 881); *McNease v. National Motor Club,* 238 Ga. 53 (231 SE2d 58). The correct rule which applies to this case is found in *Collins v. Storer Broadcasting Co.,* 217 Ga. 41 (120 SE2d 764) and *Brown Stove Works v. Kimsey,* 119 Ga. App. 453 (167 SE2d 693). These cases hold that a provision of a contract which imposes as a condition to the recovery of benefits under a deferred compensation plan that the employee refrain from engaging in competitive employment is not violative of public policy as being in restraint of trade. As a

condition precedent to receiving the deferred compensation, plaintiff had the obligation to not engage in competition. By accepting the employment with a competitor he breached the conditions of the contract. By so doing he forfeited his right to receive deferred compensation.

2. Plaintiff asserts that there are other material issues of fact present which would preclude the grant of summary judgment. We have examined these contentions and find them to be without merit. The grant of summary judgment was correct.

*Judgment affirmed. Shulman and Birdsong, JJ., concur.*

ARGUED APRIL 11, 1978 — DECIDED JUNE 12, 1978.

*Kelly, Denny, Pease & Allison, S. E. Kelly, Ronald W. Self,* for appellant.

*Champion & Champion, Forrest L. Champion, Jr.,* for appellee.