James SHANDOR, Plaintiff,

Trust Company Bank, Intervenor,

v.

WELLS NATIONAL SERVICE CORP., Defendant.

Civ. A. No. C78–795A.

United States District Court,
N. D. Georgia,
Atlanta Division.

Sept. 21, 1979.

Michael N. Mantegna, Atlanta, Ga., for intervenor.

Charlie Parker, Jr., Parker, Parker & Pass, Gregg Loomis, Atlanta, Ga., for plaintiff.

Michael C. Towers, Fisher & Phillips, Atlanta, Ga., for defendant.

## ORDER

SHOOB, District Judge.

This case is before the Court on cross-motions for summary judgment. All relevant facts have been agreed to in a written stipulation signed by counsel for both parties.

Plaintiff was employed by defendant Wells from 1972–77 as a sales manager, selling TV installations in hospitals in Georgia, Tennessee, the Carolinas and Florida. He received a salary and commissions. Part of the commission for each sale was paid at the time of sale; part upon installation of the TV sets; and the balance later. In addition, quarterly commissions were paid during the term of each contract based on a percentage of the gross revenue from the installation.

Plaintiff voluntarily left employment on October 1, 1977, to work for a direct competitor of Wells as a sales representative in a territory which is larger than but encompasses the territory that plaintiff covered for defendant.

Prior to 1971, certain Wells employees signed employment agreements containing covenants not to compete. Plaintiff Shandor, however, never signed a written employment agreement. There exists a letter by Wells' Vice-President 'confirming employment' and mentioning salary, training, vacation and location and containing the following:

The commissions and special incentive payments that you will receive will be based on our published schedules for all Sales Representatives.

After beginning work but before his first sale, plaintiff received a copy of Wells' *Sales Compensation Ground Rules.* The plaintiff "operated under and was compensated during the term of his employment according to the *Sales Compensation Ground Rules.*" (Stipulation of Facts and Issues, No. (10), page 4.)

Under the Section "Company Policy— Salesperson's Continuing Compensations" (*Ground Rules,* page 12) is the provision at issue:

In the event of early retirement, Resignation,. or Termination *and* subsequent employment by a competitor, no further compensations will be paid after the date of such employment. (Emphasis in original.)

After plaintiff left defendant's employ, plaintiff asked for commissions based on his sales before he left the company, which would ordinarily be paid. Defendant refused to pay, relying on the provision quoted above, and plaintiff brought this suit. Plaintiff demands judgment against defendant in the amount of $23,906.09 in back commissions, plus reasonable attorney's fees. The defendant counterclaimed, alleging that plaintiff had breached his fiduciary duty, misappropriated trade secrets, and engaged in a tortious interference with defendant's ongoing contractual relationships. The defendant seeks a judgment for damages against the plaintiff based on the above theories, and also seeks punitive damages, attorney's fees, and costs to be taxed to the plaintiff. By order of Judge Edenfield dated April 10, 1979, Trust Company Bank was allowed to intervene as of right under Rule 24(a)(2) of the Federal Rules of Civil Procedure. The cross-motions for summary judgment ruled on today deal only with plaintiff's claim against defendant.

Plaintiff's primary argument in support of his motion for summary judgment is that

the clause in defendant's *Ground Rules* is a restrictive covenant not to compete, which is "(1) too general as to time and territory and (2) imposes too great a restriction in that the plaintiff is forbidden to work in *any* capacity for a competitor." Defendant's primary argument in support of its motion is that the clause at issue formed a part of the employment contract and is not a restrictive covenant, but a condition precedent to payment of the commissions. Plaintiff does *not* argue that the clause does not form part of the employment agreement; only that it is invalid and unenforceable. Thus it is assumed here that the clause is part of the employment agreement.

■ Typically, anti-competitive covenants found in employment contracts are inserted by the employer for the employer's benefit, and seek to prevent the employee from competing directly with the employer during and after the term of employment. These anti-competitive covenants are disfavored in the law, their purpose being to restrict competition. Nevertheless, such covenants will be upheld in most jurisdictions, including Georgia, if they are reasonable as to time and area. The normal remedy for breach of such a covenant is an action by the employer for damages and/or for an injunction.

Plaintiff argues that this case falls within the line of cases holding that such clauses must be reasonable in time and space. Plaintiff further maintains that since the language used is "subsequent employment by a competitor," it is too broad as to both time and space, and hence must fall as an unreasonable anti-competitive covenant.

■ However, this argument incorrectly characterizes the issue. The clause at issue is not an anti-competitive covenant; it is a forfeiture clause or a condition precedent. It cannot have the effect of directly restraining plaintiff's ability to earn a living, which is the primary concern of courts which have dealt with anti-competitive covenants. The employer is not seeking to restrain plaintiff from making a living; rather, the plaintiff is seeking to recover

commissions which he earned, but which his employment agreement says are not due him, either because he forfeited them or because he failed to meet the condition precedent, that is, not competing with his former employer.

Two recent cases from the Court of Appeals of Georgia have made this distinction between covenants not to compete, and clauses in employment contracts which work a forfeit on the former employee who takes up employment with a competitor of the ex-employer. In *Brown Stove Works, Inc. v. Kimsey,* 119 Ga.App. 453, 167 S.E.2d 693 (1969), the sole question was

> whether observance of a non-competitive employment provision in a non-contributory deferred profit-sharing plan may be a valid condition precedent to participation in the plan, even though the provision, by reason of the broadness of terms could not be invoked to enjoin or prohibit the employee's competitive activity.

The Court answered the question as follows:

> Accordingly, since the company has neither taken nor threatened to take any action against plaintiff by reason of Article XIV and this article appears to be only a condition to receiving benefits under the profit sharing plan, it is not violative of public policy as imposing a penalty or as a contract in general restraint of trade. *Collins v. Storer Broadcasting Co.,* 217 Ga. 41, 50(2b), 120 S.E.2d 764. As we understand the *Collins* case, the Supreme Court holds that to make either the continuance in employment or the refraining from competitive activity a condition precedent to participation in a profit-sharing plan on the one hand, and to restrict his right to enter into a competitive activity for the earning of a livelihood by a contract in restraint of trade on the other, are separate and distinct matters. That the agreement, because of its unreasonableness, may be void in the latter instance does not mean that it is void as a condition to membership in a profit-sharing plan initiated by the employer at its own expense for the encour-

aging of valued employees to continue in employment.

A restriction in the contract which does not *preclude* the employee from engaging in competitive activity, but simply provides for the loss of rights or privileges if he does so is not in restraint of trade. *Kristt v. Whelan,* 4 A.D.2d 195, 164 N.Y. S.2d 239, affirmed in 5 N.Y.2d 807, 181 N.Y.S.2d 205, 155 N.E.2d 116.

Article XIV does no more than to provide for a forfeiture of the employee's right or privilege of participating in the profit-sharing plan if he leaves the service of the company and engages in competitive activity. It does not *prohibit* him from engaging in the activity, nor does the company seek to do so.

The holdings in *Carson v. Sun Life Assurance Co.,* 56 Ga.App. 164, 192 S.E. 241 and *Foster v. Union Central Life Ins. Co.,* 103 Ga.App. 420, 119 S.E.2d 289 insofar as they may conflict with the ruling here made, are overruled. We regard them as incorrectly holding the contracts involved to be in restraint of trade when the employer sought to recover advances made to the employee. In neither instance did the employer seek to prohibit the employee from engaging in a competitive employment—nor did the contract itself; he was free to do so, but in doing it forfeited a right or privilege which he could have claimed by remaining in the company's employment or by refraining from a competitive activity. These were contract provisions relative to compensation and not covenants in restraint of trade.

*Brown Stove Works, Inc. v. Kimsey, supra,* at 455–56, 167 S.E.2d at 694–95.

Reaffirming this distinction, in a case where, as here, deferred compensation was sought by the ex-employee, is the case of *Sheppard v. Columbus Packaging Co., Inc.,* 146 Ga.App. 202, 245 S.E.2d 887 (1978).

Plaintiff makes a strong contention that paragraph 6 is void and unenforceable as an unreasonable restraint on trade as paragraph 6 is not limited in time and geographic area. He cites numerous decisions of the Supreme Court. However, all these cases were suits for injunction to *prevent* the violation of restrictive covenants not to engage in competition and were not suits to recover deferred compensation as here. See *Dunn v. Frank Miller Assoc.,* 237 Ga. 266, 227 S.E.2d 243; *Britt v. Davis,* 239 Ga. 747, 238 S.E.2d 881; *McNease v. National Motor Club,* 238 Ga. 53, 231 S.E.2d 58. The correct rule which applies to this case is found in *Collins v. Storer Broadcasting Co.,* 217 Ga. 41, 120 S.E.2d 764 and *Brown Stove Works v. Kimsey,* 119 Ga.App. 453, 167 S.E.2d 693. These cases hold that a provision of a contract which imposes as a condition to the recovery of benefits under a deferred compensation plan that the employee refrain from engaging in competitive employment is not violative of public policy as being in restraint of trade. As a condition precedent to receiving the deferred compensation, plaintiff had the obligation to not engage in competition. By accepting the employment with a competitor, he breached the conditions of the contract. By doing so he forfeited his right to receive deferred compensation.

*Sheppard v. Columbus Packaging Co., Inc.,* at 203–04, 245 S.E.2d at 888.

The Fifth Circuit, following the weight of federal authority concerning similar contracts measured against the Sherman Act, has followed the same distinction. In *Golden v. Kentile Floors, Inc.,* 512 F.2d 838 (5th Cir. 1975), the Court rejected the plaintiff's "broadside" attack on the anti-competitive forfeiture provision of the Kentile compensation plan.

The District Court rejected this claim in the belief that the weight of authority lies against finding unreasonable restraints on trade when the employment-generated contract restriction does not preclude the employee from engaging in competitive activity, but merely provides for the loss of rights or privileges if he does so. We believe that the District Court ruled correctly, both as a matter of

authority and as a matter of sound judgment under the rule of reason.

*Golden v. Kentile Floors, Inc., supra,* at 843.

Plaintiff has briefly attempted to distinguish the instant case from the line of authority noted above by claiming that plaintiff earned the commissions he seeks and that the rule of the Supreme Court of Georgia in *Collins* (in which only the employer had contributed to the profit-sharing plan) was "not correctly applied by Georgia's Court of Appeals in *Columbus Packaging.*" However, no valid authority stands for the distinction plaintiff seeks to make between 'earned' benefits, and benefits depending upon employer largesse.

Accordingly, plaintiff's motion for summary judgment on his claim against the defendant is DENIED; defendant's motion for summary judgment on the same claim is GRANTED.