**William A. CLARK, Plaintiff-Appellant,**

v.

**LAUREN YOUNG TIRE CENTER PROFIT SHARING TRUST, Alan A. Brown, and Alan Brown Tire Center, Inc., Defendants-Appellees.**

No. 86–4068.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 6, 1987.

Decided May 4, 1987.

---

* Honorable Charles A. Legge, United States District Judge for the Northern District of California, sitting by designation.

Gregory A. Hartman, Portland, Or., for plaintiff-appellant.

James N. Westwood, Maureen R. Sloane, Portland, Or., for defendants-appellees.

Before SNEED and HALL, Circuit Judges, and AGUILAR,* District Judge.

SNEED, Circuit Judge:

Appellant, having been laid off, went to work for one of his employer's competitors. When his former employer notified him that the new job could result in forfeiture of his pension benefits, appellant sought judicial relief. The district court awarded summary judgment to the employer, and we affirm.

## I.

### FACTS

Appellant William Clark began work for appellee Tire Center (the Company) in June, 1975. On February 1, 1985, the Company laid Clark off. According to the Company, the reason for Clark's layoff was a downturn in business. Clark does not dispute this explanation.

Under the terms of the Company's employer-funded profit-sharing plan, Clark had fully accrued his pension benefits after six years of employment. The plan, however, also states: "if a participant not having ten years of service ... accepts employment with a competitor of Company ... his entire account shall be forfeited." Clark had worked nine years and eight

months for the Company before he was discharged.

Some two months later, in April, 1985, Clark took a job with John Jantzi Tires, another seller of tires located on the same street as the Company, seventeen blocks away. On May 31, Alan Brown, the Company's president, sent Clark a letter advising him of his potential forfeiture. Clark continued working for Jantzi but sued Brown and the Company for declaratory and monetary relief.

## II.

### ANALYSIS

#### A. *Is the forfeiture clause enforceable?*

The parties agree that ERISA governs this action. Clark, however, urges us in deciding this case to incorporate into ERISA Oregon law with regard to non-competition clauses. Clark's premise, that the Company's forfeiture clause would fail under Oregon law, is quite likely in error. But the point is irrelevant. This case is controlled by *Lojek v. Thomas*, 716 F.2d 675 (9th Cir.1983), which held on very similar facts that ERISA preempts state law with respect to non-competition forfeiture clauses. *Id.* at 678. State law plays no part in assessing the validity of such a clause in an ERISA plan. *Id.*

As to federal law, a non-competition forfeiture clause is valid so long as the plan provides that benefits accrued *after* ten years of service cannot be forfeited. *Id.* at 678–79; *see* 29 U.S.C. § 1053(a)(2)(A). In a plan that so provides, ERISA requires no pension benefits at all for employees with less than ten years of service. 716 F.2d at 678. If such a plan vests employees with pension benefits before their tenth year and is thus "more liberal" than ERISA demands, the employer may condition his liberality with a non-competition

---

* Honorable Robert Aguilar, United States District Judge for the Northern District of California, sitting by designation.

requirement. *Id.* at 678–79. That is the situation here.[1]

## B. *Did Brown breach his fiduciary duties in applying the clause to Clark?*

Clark next tries to make a breach-of-duty argument against the Company's enforcement of the forfeiture clause in his case. Clark alleges that Company president Brown had a pecuniary interest in the forfeited benefits and that Brown was trying to "punish" Clark for accepting work with Jantzi.

No doubt the effect of a non-competition forfeiture clause *is* punishment of employees who take work with competitors. But repeating this fact states no claim, once it is accepted that such clauses are enforceable. This is not a case like *Frary v. Shorr Paper Products, Inc.,* 494 F.Supp. 565 (N.D.Ill.1980), in which there was no express non-competition clause and the plan administrator unilaterally imposed penalties on employees who took jobs with competitors.

No facts are alleged here suggesting that Brown enforced the clause against Clark more strictly or severely than against other employees. Nor does Clark contend that he *had* worked for ten years, or that Jantzi is *not* a competing company. Thus he concedes the applicability of the forfeiture clause in his case. It follows that Brown's enforcement of it was not a breach of duty; indeed, had Brown failed to enforce the clause, he might well have breached his fiduciary obligations.

We sympathize with Clark, who was so close to attaining his ten-year nonforfeitable benefits. And we note that ERISA firmly prohibits discharge of a plan participant "for the purpose of interfering with the attainment of any right to which such participant may become entitled under the plan." 29 U.S.C. § 1140. However, Clark has never disputed the Company's motives in laying him off, and thus § 1140 is inapplicable here.

Instead Clark challenges the Company's motives in applying the forfeiture clause. On this point the district court correctly ruled that the Company was simply enforcing a valid term of its plan.

*AFFIRMED.*

---

1. A footnote in *Lojek* suggests that such a clause might be challengeable if too broad. *See id.* at 680 n. 9 (clause at bar was not overbroad). If so, the Company's non-competition clause, which has no temporal or geographical limitations, is arguably *too* broad on its face. But a non-competition *forfeiture* clause in a pension plan is not like a non-competition *agreement* in the employment contract, which may unreasonably restrain trade or endanger the employee's livelihood. Thus the considerations that have

led courts at common law to strike down overbroad non-competition agreements *on their face* do not apply to non-competition forfeiture clauses. *See Golden v. Kentile Floors, Inc.,* 512 F.2d 838, 844 (5th Cir.1975); *Shandor v. Wells Nat'l Serv. Corp.,* 478 F.Supp. 12, 14 (N.D.Ga. 1979). As applied here, moreover, Clark cannot complain. Clark started work for a competitor on the same street as his former employer less than three months after his layoff. The Company's clause is enforceable as applied in this case.