## 46930. A. L. WILLIAMS & ASSOCIATES et al. v. FAIRCLOTH.
(386 SE2d 151)

WELTNER, Justice.

A. L. Williams & Associates, Inc. markets life insurance policies of Massachusetts Indemnity and Life Insurance Company. Williams appointed Faircloth as agent for the insurance company. Under two other contracts, Faircloth held the offices of regional vice-president and senior vice-president of Williams. In 1982, Williams notified Faircloth that it was exercising its right, as provided to Williams by Faircloth's agency contract with the insurance company, to require that the insurance company terminate Faircloth as agent. At the same time, it notified Faircloth that it was terminating the other two contracts under which Faircloth was employed with Williams.

Faircloth filed against Williams and the insurance company a complaint in several counts, including: breach of contract; tortious interference with contract; and fraudulent termination of contract. The Court of Appeals affirmed the trial court's rulings on several motions for summary judgment. *A. L. Williams & Assoc. v. Faircloth*, 190 Ga. App. 872 (380 SE2d 471) (1989). We granted Williams' petition for certiorari.

### Forfeiture of Benefits

1. (a) The trial court granted Faircloth's motion for partial summary judgment on the issue of the enforceability of certain covenants not to compete, holding that they were overbroad and void. Williams contends that, despite any invalidity of the covenants, they authorize the elimination of Faircloth's entitlement to renewal commissions, as provided by the express terms of the contracts. The trial court rejected that contention, holding, notwithstanding such provision, that Faircloth's entitlement to renewal commissions was not forfeited by his violation of the invalid covenants. The Court of Appeals affirmed.

(b) The settled public policy of this state is that forfeitures are not favored. "While forfeitures are not unlawful, the law does not

favor them, and all ambiguities in a contract are to be resolved against their existence." *Equitable Loan &c. Co. v. Waring*, 117 Ga. 599 (8) (44 SE 320) (1903). It would be paradoxical to strike down a covenant as invalid, and at the same time uphold a forfeiture that is conditioned upon a violation of that very covenant. Hence, a forfeiture provision that is conditioned expressly upon an invalid covenant must be invalid *in se*. Any earlier propositions of law to the contrary are disapproved.[1] The trial court did not err.

## Tortious Interference with Contract

2. (a) Faircloth alleged that Williams induced the insurance company to terminate his agency agreement with the insurance company, and that this amounted to tortious interference with the contractual relations between Faircloth and the insurance company. The trial court denied Williams' motion for summary judgment on this claim, and the Court of Appeals affirmed.[2]

(b) The agency agreement between Faircloth and the insurance company provided:

> This Agreement may be terminated, with or without cause, by either the Company or the Agent effective immediately upon the mailing of written notice of such termination.

---

[1] See *Brown Stove Works v. Kimsey*, 119 Ga. App. 453, 455 (167 SE2d 693) (1969), written by Judge Eberhardt, which interpreted *Collins v. Storer Broadcasting Co.*, 217 Ga. 41 (120 SE2d 764) (1961) as follows: "As we understand the *Collins* case the Supreme Court holds that to make . . . refraining from competitive activity a condition precedent to participation in a profit-sharing plan on the one hand, and to restrict [the] right to enter into a competitive activity . . . by a contract in restraint of trade on the other, are separate and distinct matters. That the agreement, because of its unreasonableness, may be void in the latter instance does not mean that it is void as a condition. . . . A restriction in the contract which does not *preclude* the employee from engaging in competitive activity, but simply provides for the loss of rights or privileges if he does so is not in restraint of trade." (*Collins* held that the allegation by a former employee that the enforcement of forfeiture provisions made pursuant to a profit-sharing plan was wilful and wanton failed to state a claim upon which relief could be granted.)

See also *Sheppard v. Columbus Packaging Co.*, 146 Ga. App. 202, 203 (245 SE2d 887) (1978), which relied upon *Brown Stove* and *Collins*. In *Sheppard*, the court enforced a provision in an employment contract that provided for deferred compensation so long as the former employee did not engage in competition.

See also *KEM Manufacturing Corp. v. Sant*, 182 Ga. App. 135, 137 (355 SE2d 437) (1987): "We believe, however, that the critical inquiry under *Sheppard* is whether the restrictive covenant actually *precludes* the employee from engaging in the prohibited activity, or whether the covenant simply provides for the loss of rights or privileges if the employee violates the covenant."

Note that the contracts in this case did *both*, i.e., proscribed competition *and* prescribed forfeiture.

[2] The opinion stated that "[a] jury could find that Williams acted outside the scope of its powers by notifying [the insurance company] and requesting that it terminate Faircloth's contract." 190 Ga. App. at 875 (2).

Agent [Faircloth] agrees that General Agent [Williams], who is not a party to this Agreement, has the express right to notify the Company to terminate this Agreement.

(c) As general agent, Williams was empowered expressly by Faircloth to bring about the termination of the agency agreement. For that reason, Williams' action pursuant to that authority cannot be "interference" of any kind, tortious or otherwise.

"It is generally held that no liability for procuring a breach of contract exists where the breach is caused by the exercise of an absolute right — that is, an act which a man has a definite legal right to do without any qualification." [Cit.] [*Schaeffer v. King*, 223 Ga. 468, 470 (155 SE2d 815) (1967).]

Having bestowed a power upon Williams, Faircloth will not be heard to complain of its exercise by Williams. The trial court should have granted Williams' motion for summary judgment as to this claim.

## Fraudulent Termination of Contract

3. (a) In count one of his complaint, Faircloth alleged that the termination was a breach of contract. In count three, he alleged that Williams and the insurance company acted fraudulently in terminating his contracts. The trial court denied Williams' motion for summary judgment as to counts three and the Court of Appeals affirmed.

(b) Under the agency agreement and under the regional vice-president agreement, Faircloth's employment was terminable at will. Under the senior vice-president agreement, Faircloth's employment could be terminated by agreement of the parties, or "for cause."[3]

(c) "Where either party may terminate a contract at will, 'one who merely exercises his legal rights is not thereby chargeable with fraud.' [Cits.]" *Ga. Intl. Life Ins. Co. v. Huckabee*, 175 Ga. App. 343, 346-7 (333 SE2d 618) (1985). The agency agreement and the regional vice-president contract, being terminable at will, are terminable for any reason, or for no reason.[4]

(d) "Any breach of contract must arise from the contract, and

---

[3] Faircloth relies upon a provision in both vice-president contracts declaring, in the event of a conflict between the two, that the provisions of the senior vice-president contract will govern. Based on that provision, he contends that the regional vice-president contract is also terminable only for cause. That contention is meritless, as it would lead to the logical conclusion that the latter contract is utterly devoid of legal import.

[4] This proposition may not apply to discharge for a reason that is impermissible on grounds of public policy, such as a discharge based upon race.

does not give rise to an action for tort, whether or not such breach was negligent or wilful." *Hudson v. Venture Indus.*, 147 Ga. App. 31, 33 (2) (248 SE2d 9) (1978). The allegations of count three cannot serve to convert a claim in contract into a discrete claim in tort. They add nothing of substance to the breach of contract claim of count one, and are mere surplusage to it. See *Murphy v. American Civil Liberties Union of Ga.*, 258 Ga. 637 (4) (373 SE2d 364) (1988) ("Because the complaint fails to 'contain . . . [a] . . . plain statement of the claims showing that the pleader is entitled to relief,' it fails 'to state a claim upon which relief can be granted.' ")

The trial court should have granted Williams' motion for summary judgment as to count three.[5]

### Remaining Contentions

4. We decline to review other aspects of the opinion of the Court of Appeals.

*Judgment affirmed in part and reversed in part. All the Justices concur.*

DECIDED DECEMBER 5, 1989 —
RECONSIDERATIONS DENIED DECEMBER 20, 1989 AND DECEMBER 21, 1989.

*Chilivis & Grindler, Nicholas P. Chilivis, Gary G. Grindler, John K. Larkins, Jr., Stanton J. Shapiro, Kenneth G. Levin,* for appellants.

*Gambrell, Clarke, Anderson & Stolz, Irwin W. Stolz, Jr., Seaton D. Purdom,* for appellee.

---

[5] The trial court denied the motion for summary judgment as to count one, which was not appealed. That leaves for the decision of a jury whether the termination of the senior vice-president contract was "for cause."