## S90G0080. CATON v. HAYNES.
### (391 SE2d 107)

HUNT, Justice.

We granted certiorari to the Court of Appeals in *TimberBank, Inc. v. Haynes*, 192 Ga. App. 878 (386 SE2d 861) (1989) to determine whether the president of the closely-held corporation in this case could be personally liable for tortiously interfering with an employment contract between the corporation and an employee where the officer acted on the corporation's behalf regarding the contract. The facts, more fully set forth in the Court of Appeals' opinion, are as follows.

Caton formed a corporation, TimberBank, to manage his stepbrother's timberland in Mississippi and to seek out other similar contracts. He hired Haynes, a forestry expert, as chairman of the board and chief operating officer, to carry out the company's business under a contract which provided for an annual salary as well as severance pay if Haynes was terminated, and no severance pay if he voluntarily resigned. Subsequently, the company had difficulties and Caton told Haynes he would have to be terminated. When Haynes insisted on his severance pay under the contract, Caton reassigned him to Mississippi to supervise leases there; Haynes refused to go, and Caton

claimed he had voluntarily resigned and was not entitled to any severance pay. Thereafter, Caton's step-brother terminated his contract with TimberBank, and recontracted with Caton & Company, a corporation owned by Caton's wife. Haynes alleged this was a fraudulent arrangement on Caton's part to avoid payment to Haynes, because Caton continued to be paid his salary from Caton & Company. Haynes sued TimberBank and Caton, individually, for breach of the employment agreement. He also sued Caton in tort for malicious interference with his rights under the contract. The trial court directed a verdict for Caton on Haynes' attempt to pierce the corporate veil and hold him personally liable under the contract but denied Caton's motion for a directed verdict on the tortious interference claim. The Court of Appeals affirmed the judgment on the jury's verdict against TimberBank for breach of contract and against Caton for tortious interference.

We agree with Caton's contention that the trial court erred by denying his motion for directed verdict on the tortious interference claim. It is uncontroverted that in refusing to pay Haynes' claim for severance pay, Caton was acting on the corporation's behalf. Indeed, the trial court directed a verdict on Haynes' claim against Caton, individually, for breach of contract, which verdict necessarily determined there was no evidence of fraud or abuse of the corporate form which would authorize piercing the corporate veil in this case. Compare *Wrigley v. Nottingham*, 111 Ga. App. 404 (141 SE2d 859) (1965), rev'd., in part, on other grounds, *Nottingham v. Wrigley*, 221 Ga. 386 (144 SE2d 749) (1965). See *Amason v. Whitehead*, 186 Ga. App. 320, 321-322 (367 SE2d 107) (1988); *Farmers Warehouse v. Collins*, 220 Ga. 141, 150 (137 SE2d 619) (1964). Under these circumstances, Caton *ipso facto*, could not have tortiously interfered with Haynes' contractual rights. *A. L. Williams & Assoc. v. Faircloth*, 259 Ga. 767, 769 (386 SE2d 151) (1989); *Ga. Power Co. v. Busbin*, 242 Ga. 612, 613 (2) (250 SE2d 442) (1978); *Schaeffer v. King*, 223 Ga. 468, 470 (155 SE2d 815) (1967). The fact, noted by the Court of Appeals, that Caton benefited financially at Haynes' expense, does not affect this outcome. Indeed, any action taken on behalf of a closely-held corporation by an officer-shareholder which results in retention of corporate assets necessarily benefits that officer-shareholder. Accordingly, the trial court erred by denying Caton's motion for a directed verdict on the tortious interference claim.

*Judgment reversed. All the Justices concur.*

DECIDED MAY 2, 1990 —
RECONSIDERATION DENIED MAY 30, 1990.

*Alston & Bird, G. Conley Ingram, Robert D. McCallum, Jr., Susan B. Devitt,* for appellant.
*Sutherland, Asbill & Brennan, Kimberly Logue Woodland, John H. Fleming,* for appellee.