## 32515. KLOVILLE, INC. et al. v. KINSLER.

HILL, Justice.

An employer, Kloville, Inc., engaged as a jewelry manufacturer's representative, sought injunctive relief and damages against Kinsler, a former employee, for breach of an employment and stock option contract. The employer alleged breach of section 12 of this multi-subject contract which section contains covenants against competition, customer solicitation and supplier representation, in a fourteen-state area. The trial court found the restrictive covenants overbroad (and denied injunctive relief) because they included the State of Missouri, which is not a state where the employer does business.

On page one the contract, in a "whereas" clause, states that the company does business in "Virginia, North Carolina, South Carolina, Florida, Georgia, Alabama, Tennessee, Kentucky, West Virginia, Louisiana, *Mississippi,* Arkansas, Delaware, Maryland and the District of Columbia." Section 12A of the contract purports to prohibit competitive activities of the employee in "Virginia, North Carolina, South Carolina, Florida, Georgia, Alabama, Tennessee, Kentucky, West Virginia, Louisiana, *Missouri* and Arkansas, Delaware, Maryland and Washington, D. C." By affidavit, the employer explained that the substitution of Missouri for Mississippi was a clerical error resulting from the use of the abbreviation "Miss." in the draft contract. The employer avers that the parties intended Mississippi as both parties were aware that the company does no business in Missouri but does transact business in Mississippi. The employee asserts that the company transacts no business in Missouri but he does not contest the averments as to clerical mistake.

The employer cites *Hood v. Legg,* 160 Ga. 620, 628 (128 SE 891) (1925), and similar cases and urges that because the employee had the right under the contract to acquire the outstanding stock of the company, the restrictive covenants in this case were made in connection with a contract for the sale of a business and are entitled to less stringent treatment than restrictive covenants in the

usual employment contract. Restrictive covenants entitled to such treatment are those restricting the after-sale competitive activity of the seller, not the before-sale activity of the purchaser.

The employer argues that even if the covenant not to compete is unenforceable because of the inclusion of Missouri, the covenant not to solicit customers of the employer is severable and is enforceable as to those customers in the described territory, wherever located. While it is true that covenants against disclosure of confidential information are severable from covenants against competition (*Howard Schultz & Assoc. of the Southeast v. Broniec*, 239 Ga. 181 (4) (236 SE2d 265) (1977)), and assuming that covenants restricting customer solicitation are severable from covenants not to compete, the former covenants generally have been governed by the same rules as the latter (*Orkin Exterminating Co. of S. Ga. v. Dewberry*, 204 Ga. 794 (51 SE2d 669) (1949); *Coffee System of Atlanta v. Fox*, 226 Ga. 593 (176 SE2d 71) (1970); *Fuller v. Kolb*, 238 Ga. 602 (234 SE2d 517) (1977)), notwithstanding the existence of an opposing argument.[1]

It follows that the inclusion in the restricted territory of Missouri where the employer does no business invalidates the covenant restricting customer solicitation as well as the covenant restricting competition. *Orkin Exterminating Co. of S. Ga. v. Dewberry*, supra. The trial court did not err in denying the temporary injunction as to the territory described in section 12 of the contract.

As the trial court did not foreclose relief by reformation (see *Williams v. Hudgens*, 217 Ga. 706 (3) (124 SE2d 746) (1912)), the denial of temporary injunctive relief is affirmed but that part of the order which holds the contract to be unenforceable is set aside and the case is remanded to the trial court for possible consideration of reformation. Code Ann. §§ 81A-154 (c) (1), 81A-115 (b); *DeKalb County v. Ga. Paperstock Co.*, 226 Ga. 369 (9) (174 SE2d 884) (1970). See *Empire Bkg. Co. v. Martin*, 133 Ga.

---

[1] See *Kirshbaum v. Jones*, 206 Ga. 192 (56 SE2d 484) (1949), which was disapproved in *Fuller v. Kolb*, supra.

App. 115 (210 SE2d 237) (1974); 6 Moore's Federal Practice 1261, § 54.62.

*Judgment affirmed with direction. All the Justices concur.*

ARGUED JULY 12, 1977 — DECIDED SEPTEMBER 7, 1977.

*Land & Cavalli, Fred L. Cavalli,* for appellants.
*Westmoreland, Hall, McGee & Warner, P. Joseph McGee,* for appellee.