35365. REDMOND v. ROYAL FORD, INC. et al.

PER CURIAM.

This appeal contests the validity of a covenant not to

---

compete.

Appellant was employed in July, 1974, by oral agreement as a salesman for Royal Ford, Inc., a Ford automobile dealership. Royal Ford, Inc., acted through Richard Royal, its President and sole stockholder. Royal agreed he would at a future time sell appellant some stock in the company if his work was satisfactory. In April, 1975, a written contract was entered into whereby appellant was hired in an executive capacity and sold a 10% stock interest in Royal on deferred payments. It provided that in the event the employment was terminated, Royal had the option to repurchase the stock at 20% over book value. The employment was month to month. The provision specifying the salary was left blank. Appellant was elected vice president of Royal. The contract contained this covenant: "Employee agrees that in addition to any other limitation for a period of five years after the termination of his employment hereunder, except a termination caused by employer in violation of the terms hereof and unless otherwise specified herein, he will not directly or indirectly engage in or in any manner be connected with or employed by any person, firm or corporation in competition with employer or engaged in the automobile sales and services, within a radius of 50 miles of Camilla, Georgia."

Appellant terminated his employment in January, 1977. Royal repurchased his stock. In January, 1979, appellant accepted employment with another Ford dealership with an option to purchase which is located nine miles from Royal Ford, Inc. The trial court enjoined appellant from "performing any services relating to sales, directly or indirectly, general management, or executive responsibility, either as owner, sole or part, or employee, which is the same type of service he was performing while associated with plaintiff as an employee, officer, and part owner, which is the same and only type of service contemplated to be covered by the covenant not to compete."

If the covenant here is ancillary to an employment contract, that portion of the covenant providing that the employee ". . . will not directly or indirectly engage in or in any manner be connected with or employed by any other

person in competition with employer" renders the covenant unenforceable. *Howard Schultz & Assoc. v. Broniec,* 239 Ga. 181 (236 SE2d 265) (1977).

On the other hand, if the covenant is ancillary to the sale of stock in a business, the employee may be enjoined from competing to the extent that it is found essential, by clear and convincing evidence, to protect the purchaser, despite the overbreadth of the covenant. *Jenkins v. Jenkins Irrigation, Inc.,* 244 Ga. 95 (1979).

In short, the court may not "blue-pencil" a covenant ancillary to an employment contract but may "blue-pencil" it where ancillary to the sale of a business.

Clearly this contract was an employment contract. Thus, the question is whether the inclusion of the stock option removes it from the employment contract category and puts it in the sale of business category.

*Hood v. Legg,* 160 Ga. 620 (128 SE 891) (1925), is one of the leading cases in Georgia involving a covenant against competition ancillary to the sale of a business. There the sellers sold their stock in a brick manufacturing business and covenanted not to compete in the manufacture and sale of brick or other clay products for 10 years within 300 miles. The provision as to "other clay products" was found to be unenforceable but the remainder of the covenant was enforced. The court reasoned that in order to protect the purchaser's acquisition of the goodwill of the business, it was necessary to enforce the covenant against the seller.

On the other hand, *Rakestraw v. Lanier,* 104 Ga. 188 (30 SE 735) (1898), is one of the leading cases involving a covenant against competition ancillary to an employment contract. In fact, however, the covenant against competition in *Rakestraw* was contained in a partnership agreement by which two doctors agreed to practice medicine together. The covenant there provided that if the partnership dissolved, Rakestraw would not practice medicine, surgery or obstetrics within 15 miles of the town of Oliver. The covenant was unlimited as to time and would continue even after Lanier's death or retirement. It was found invalid as written and unenforceable (104 Ga. at 203). The court in *Rakestraw* distinguished several cases involving sales of businesses similar to the sale in

*Hood v. Legg,* supra.

When Dr. Lanier took Dr. Rakestraw in as a partner and they agreed upon a covenant against competition by Rakestraw if the partnership were dissolved, Lanier's purpose in securing the covenant was to protect his goodwill and the goodwill of the partnership. Nevertheless, the covenant in *Rakestraw v. Lanier* was held to be invalid. Protection of goodwill is involved to some extent in many if not all covenants ancillary to employment contracts.

The thing which distinguishes *Rakestraw v. Lanier* and the employment contract cases on the one hand, and *Hood v. Legg* and the sale of business cases on the other hand, is that the promissors in the covenants in the sale of business cases sold the goodwill of their business (and were compensated for it), while the covenants in the employment cases were not made in conjunction with sales of goodwill by the promisors; i.e., the promisees in the employment covenant cases did not purchase goodwill from the promisors requiring the protection of the promisor's covenants not to compete.

*Kloville, Inc. v. Kinsler,* 239 Ga. 569 (238 SE2d 344) (1977), is directly in point. In that case the covenant was contained in an employment agreement with a stock option. It was treated like an employment contract. The only difference between that case and this one is that there the option was not exercised whereas here both the option and repurchase option were exercised, leaving the parties in the same situation as they were in *Kloville.*

In *Jenkins v. Jenkins Irrigation, Inc.,* supra, we pointed out that the leading case of *Hood v. Legg,* supra, involved a "covenant not to compete made by the seller in conjunction with the sale of a business." 244 Ga. at 98. The covenant not to compete in this case was not made by the seller in conjunction with the sale of a business; it was made by the buyer in conjunction with the acquisition of an interest in a business.

In our view, because the restrictive covenant involved here clearly was ancillary to an employment contract and because it was not ancillary to the sale of a business within the meaning of *Hood v. Legg,* supra, and its progeny, see *Insurance Center v. Hamilton,* 218 Ga.

597, 602 (129 SE2d 801) (1963) and cits, this contract should be treated like an employment contract. As such, it should be enforced as written or not at all. Because it would prohibit the former employee, a salesman, from being employed by a competitor even as a serviceman or mechanic, the covenant is unreasonably restrictive and hence unenforceable. *Howard Schultz & Assoc. v. Broniec,* supra. Therefore, the trial court erred in granting the injunction.

*Judgment reversed. All the Justices concur, except, Nichols, C. J. and Undercofler, P. J., who concur specially, and Jordan, Bowles and Marshall, JJ., who dissent.*

ARGUED SEPTEMBER 19, 1979 — DECIDED OCTOBER 23, 1979— REHEARING DENIED NOVEMBER 21, 1979.

*James C. Brim, Jr.,* for appellant.
*Twitty & Twitty, Frank S. Twitty, Jr.,* for appellees.

UNDERCOFLER, Presiding Justice, concurring specially.

I would not apply the "blue-pencil" to any covenant not to compete. The covenant should be so precise that it can be determined from the contract itself whether it is in restraint of trade. Under this decision and *Jenkins v. Jenkins Irrigation, Inc.,* 244 Ga. 95 (1979), the courts not only may entertain parol evidence to edit negative covenants in business sales contracts, but also determine whether the contract is one of employment or business sale. These decisions do violence to the parol evidence rule, encourage imprecise covenants, and promote litigation.

I am authorized to state that Chief Justice Nichols joins in this special concurrence.