35066. T. V. TEMPO, INC. v. T. V. VENTURE, INC.
35067. T. V. TEMPO, INC. v. DAVIDSON.
35068, 35069. T. V. TEMPO, INC. v. BARRETT et al. (two cases).

PER CURIAM.

The appellant, T. V. Tempo, Inc., sold to John Davidson, Fred L. Barrett, and Mary P. Barrett, appellees, by means of associate publisher agreements,

independent contractor franchises for the sale of advertising in, and distribution of, a publication known as T. V. Tempo within certain protected geographical areas. The associate publisher agreements included a paragraph 10 wherein the appellees agreed that "Upon the termination of this Agreement, and for a period of two (2) years thereafter, the Associate Publisher . . . shall not directly or indirectly enter into, or associate with in any manner, or have any financial or other interest in, any competitive, or similar type of publication within a radius of Two-Hundred and fifty (250) miles from the territorial limits described in 'Schedule A' hereof . . . nor directly or indirectly participate in the establishing of any chain of competitive or similar type of publication or grant anywhere in the United States, its territories and possessions, Mexico and Canada during the term of this Agreement or within two (2) years after its termination . . ."

To facilitate its sales of said franchises, the appellant also entered into distributorship agreements (granting exclusive rights to independent contractors to sell T. V. Tempo associate publisher agreements within certain territories) with Fred L. Barrett, John Davidson, and T. V. Venture, Inc., an additional appellee. These distributorship agreements included a paragraph 13 by which the named appellees agreed to the same covenant not to compete quoted above from paragraph 10 of the associate publishers agreements.

On February 3, 1978, appellees Fred Barrett and T. V. Venture, Inc., terminated their distributorship relationship with the appellant by means of agreements which released the former from their distributorship covenants except as follows: "(a) Distributor shall not solicit, directly or indirectly, any Associate Publisher now a party to a T. V. Tempo, Inc. Associate Publisher Distribution Agreement listed an attachment 2; (b) Distributor shall not solicit or cause to convert the current Associate Publisher Distribution areas then under the control of Fred Barrett . . . and of Mary Barrett . . ."

Also on February 3, 1978, appellee John Davidson sold his distributorship rights by means of a transfer and assignment agreement wherein said appellee

reconfirmed his preexisting distributorship covenant as follows: "The transferor will not enter into or associate with in any manner, or have any financial or other interest in, any competitive or similar type of publication as T. V. Tempo directly or indirectly for a period of two (2) years from the date hereof within the territorial limits of the areas defined in 'Exhibit A' of the Distributorship Agreement . . ."

The appellant filed a series of suits seeking to enforce by injunction one or more of the above noted covenants against each appellee. The trial court denied the appellant's request for injunctive relief as to all of the covenants and the appellant appeals. For the reasons detailed below, we affirm.

The above noted covenants are ancillary to franchise and distributorship agreements and thus for purposes of the present adjudication are deemed ancillary to an employment contract. *Jenkins v. Jenkins Irrigation, Inc.,* 244 Ga. 95 (1979); See *Redmond v. Royal Ford, Inc.,* 244 Ga. 711 (1979).

We have consistently held that covenants ancillary to an employment contract are "enforceable only where [they are] strictly limited in *time* and *territorial effects* and [are] otherwise reasonable considering *the business interest* of the employer sought to be protected and the effect on the employee." *Howard Schultz & Assoc. v. Broniec,* 239 Ga. 181, 183 (236 SE2d 265) (1977). Further, "[w]hether the restraints imposed by [a] contract are reasonable is a question of law for determination by the court . . ." *Preferred Risk Mut. Ins. Co. v. Jones,* 233 Ga. 423, 426 (211 SE2d 720) (1975). Finally, since this court declines to apply the "blue pencil theory of severability" regarding covenants not to compete which are ancillary to an employment contract *(Jenkins,* supra), if any covenant not to compete within a given employment contract is unreasonable as regards even one of the three above noted measures of reasonableness, then all covenants not to compete within the same employment contract are unenforceable. *WAKE Broadcasters, Inc. v. Crawford,* 215 Ga. 862, 863 (114 SE2d 26) (1960).

In the present case the appellant seeks to enforce covenants contained in four different employment

contracts. Three of the four contracts (the associate publishers agreement, the distributorship agreement, and the transfer and assignment agreement) contain a covenant not to compete which includes the following language: "[The covenantor] will not enter into or associate with *in any manner* or have any financial or other interest in any other competitive or similar type of publication . . ."

We hold that a covenant not to compete wherein the employee agrees not to accept employment with a competitor "in any manner" imposes a greater limitation upon the employee than is necessary for the protection of the employer and is therefore unenforceable. See *Dixie Bearings, Inc. v. Walker*, 219 Ga. 353, 357 (133 SE2d 338) (1963); cf. *Howard Schultz & Assoc.*, 239 Ga., supra, at 184. (Held: "In any capacity" unenforceable.)

Finally, regarding the fourth contract (termination agreement), since sub-paragraph 9a is absolutely silent regarding any time limitation, we hold said sub-paragraph to be unreasonable and hence unenforceable. Cf. *Orkin Exterminating Co. v. Dewberry*, 204 Ga. 794, 795 (51 SE2d 669) (1949). (Held: One year is reasonable time.)

Accordingly, since each of the four employment contracts presently on appeal contains a covenant not to compete which is unreasonable regarding at least one of the three measures of reasonableness, the trial court was correct in ruling that none of the covenants not to compete in the four employment contracts were enforceable in the State of Georgia.

*Judgment affirmed. All the Justices concur.*

ARGUED JULY 10, 1979 — DECIDED NOVEMBER 6, 1979 —
REHEARING DENIED NOVEMBER 27, 1979 IN CASE NO. 35066.

*John S. Noell, Jr.,* for appellant.
*John R. Laseter, Michael R. Jones,* for appellees.