59366. INTERSTATE TRANSPORT, INC. v. SYFAN.

Sognier, Judge.

Appellant (former employer) sought damages from appellee (former employee) alleging the violation of the non-competitive covenants contained in appellee's employment contract dated April 23, 1976. The employment contract's pertinent provisions are contained in paragraph 4: "4. Fully realizing that during the course of his employment and training therefor that he will be shown and told valuable business operations secrets and other important and confidential information, which if obtained by competitors would grossly inhibit the advantages Employer has over its competition, Employee expressly agrees that upon termination of this Contract of Employment for any reason whatsoever, whether by Employer or by Employee, that he shall not accept employment in any manner similar to that for which he is or has been employed by Employer (as set out in 'Exhibit A', et seq.), that is to say that Employee will not accept employment as a manager, salesman, and dispatcher, or any other position, by whatever title, where Employee would perform any or all of the duties set out in 'Exhibit A', et seq., for a carrier engaged in transporting fresh or frozen poultry and eggs or derivative products thereof, or produce, now in any similar manner be connected with, either directly or indirectly, any business or employer that would compete directly with the Employer in the transporting of the above said products, with an office within a radius of 200 miles of Employer's office situated in Gainesville, Georgia, for a period of two (2) years from the date of termination of employment. It is further agreed by Employee that he will not

operate or own, either directly or indirectly, any business that would compete directly with Employer in transporting the hereinbefore set out products. The above said limitations are limited to employment by, operation of, or ownership of a competitor who has an office or terminal located within said territorial limitation, and does not apply to a business located completely outside said territorial restrictions which occasionally hauls loads through said territory.

"The 200 mile territorial limitation has been mutually negotiated and decided by the parties hereto as the minimum area needed to protect Employer. Because of the nature of Employer's business, it obtained loans from scattered communities throughout this area and obtains truckers from still other communities sprinkled throughout this territory. Employer and Employee hereby agree that Employee will be in a position to greatly influence the loyalty of all truckers and suppliers of loads located throughout this area and that it is necessary, proper, mandatory, and reasonable to pick such a 200 mile territorial limitation.

"The Employee further agrees that after termination of this Employment Contract, he will in no way do any acts or deeds which would be detrimental to the business of the Employer. The Employee expressly agrees that he will not in any manner, use, divulge, or disclose the names of customers, truckers, method of operation or any other information which he may obtain during his employment to any other firm, corporation, or individual, either during his employment as set forth herein, or within two (2) years after his termination therefrom.

"It is further contemplated by the parties that Employee may receive promotions or extra duties from time to time. In such case, the extra duties of employment will be attached to this contract as 'Exhibit B', and will become as fully a binding part of this contract as if present at its execution. Employee realizes that even if promoted, he may in certain situations still have to perform some of his original duties, and, therefore, it is agreed by the parties that said Exhibits are to be cumulative and not substitutionary."

The court below granted summary judgment for the appellee-employee on the grounds that the contract's non-competitive provisions were in restraint of trade and that the severability provisions of the contract would not be applied. Appellant seeks relief from these rulings, claiming error.

The evidence shows that paragraph 4 of the employment contract quoted above pertaining to a 200 mile radial geographic area includes a portion of both Kentucky and Virginia, states in which the appellant conducts no business. This geographic

"overkill" is sufficient in itself to place the contract in the category of restraint of trade. *Orkin Exterminating Co. v. Dewberry,* 204 Ga. 794 (51 SE2d 669) (1949). Accord, *Kloville, Inc. v. Kinsler,* 239 Ga. 569 (238 SE2d 344) (1977) and *Britt v. Davis,* 239 Ga. 747 (238 SE2d 881) (1977). The rule in Georgia continues to be that the court will not sever or "blue pencil" a covenant not to compete ancillary to an employment contract so as to remove the offending restraint of trade provision and give effect to the remaining portions of the contract. *Redmond v. Royal Ford, Inc.,* 244 Ga. 711, 713 (261 SE2d 585) (1979).

*Judgment affirmed. Deen, C. J., and Birdsong, J., concur.*

Argued February 6, 1980, — Decided April 28, 1980.

*Raymond F. Schuder,* for appellant.
*William W. Bell, Jr.,* for appellee.